**UNITED STATES of America,**

v.

**Johnnie WHITE, Jr., Appellant.**

**No. 80–1214.**

United States Court of Appeals,
District of Columbia Circuit.

Argued 20 Feb. 1981.

Decided 23 July 1981.

Gilda L. Kramer, Philadelphia, Pa. (appointed by this Court) and Steven C. Kahn, Washington, D. C. (appointed by this Court), for appellant.

Michael S. Pasaro, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., and John A. Terry and

Michael W. Farrell, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before WILKEY and MIKVA, Circuit Judges, and GORDON,* Senior District Judge for the Western District of Kentucky.

Opinion for the Court filed by Circuit Judge WILKEY.

WILKEY, Circuit Judge:

In 1969 Johnnie White, Jr., who was represented by appointed counsel, pleaded guilty and was sentenced to concurrent terms of imprisonment of not less than fifteen years nor more than life for second degree murder and to not less than five nor more than fifteen for assault with intent to kill. The district court had denied a request by appellant that he be allowed to withdraw his guilty pleas, and this court affirmed the district court's action.[1] In the intervening years appellant has filed various letters and petitions pursuant to 28 U.S.C. section 2255 challenging his guilty pleas.[2] Finally, on 7 September 1978, appellant filed his *fifth* section 2255 motion to set aside his guilty pleas. He claimed therein that there had been no factual basis for the pleas, that the concept of "intent" had not been adequately explained to him, that his pleas had been coerced, and that he

had been denied effective assistance of counsel in violation of the sixth amendment. This appeal was taken from the denial of that petition on 29 January 1980.[3]

## I. BACKGROUND

On 2 July 1968 two District of Columbia police officers attempted to arrest appellant in connection with a robbery complaint. As one officer attempted to handcuff appellant, a struggle between the officers and appellant, and his wife and son, ensued. The melee culminated in the officers' being first disarmed and then shot with their two pistols. One officer died that night from gunshot wounds to the heart and brain; the second officer suffered temporary paralysis and was hospitalized for months. Appellant, his wife, and his son were all subsequently arrested for the shootings and robbery, and were charged, *inter alia*, with first degree murder and assault with intent to kill.[4]

On the advice of court-appointed counsel appellant pleaded guilty to these two offenses. The prosecution dropped the other charges against appellants as part of the bargain. The district court accepted the pleas at a hearing conducted on 27 March 1969.[5] At this hearing the judge asked appellant to describe the events of 2 July, the day of the shootings. Appellant admit-

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. *United States v. White*, No. 23,355 (D.C.Cir. 29 June 1970) (unpublished *per curiam* order and opinion).

2. In April 1971 appellant filed his first *pro se* petition under 28 U.S.C. § 2255. He claimed that his pleas had been coerced by threatening references to the death penalty, and that the district court had wrongfully refused to order a psychiatric examination. The court denied this petition on 26 April 1971. Appellant next wrote letters to the trial court and to Judge William Jones again attacking the validity of his pleas. The trial court denied one such petition on 22 October 1974; Judge Jones denied another on 15 November 1974. Appellant filed a fourth § 2255 petition in January 1977 which was denied on 7 January 1977. These letters and petitions all raised claims of coercion and ineffective assistance of counsel. No appeal

was taken from any of these adverse decisions of the district court.

3. By an Order dated 3 September 1980 this court granted appellant's motion for the appointment of counsel.

4. Appellant's wife pleaded guilty to a lesser included offense of assault on a police officer. She received a sentence of twenty months to five years. After a waiver of trial by jury, District Judge Oliver Gasch conducted a bench trial of appellant's son. The judge found this defendant not guilty by reason of insanity, and ordered him committed to St. Elizabeth's. Judge Gasch was the same judge who sentenced appellant and his wife. Only the propriety of appellant's guilty pleas are involved in this appeal.

5. *See United States v. White*, Crim. No. 1460–68 (D.D.C. 27 March 1969) (plea hearing transcript).

ted that he took a pistol from one of the police officers and then used that weapon to fire shots at both officers.[6] Appellant stated that he had discussed his pleas with his attorney, and that he understood the nature of the charges to which he was pleading guilty. The court further explained to appellant that by pleading guilty he would have no right to a jury trial, no right of appeal, and he would be liable for the maximum penalties provided by statute for the two offenses to which he pleaded guilty. In response to the judge's questioning appellant indicated that he had not been threatened or coerced, and that no promises had been made to him regarding what sentences the court would impose.[7]

Before appellant was sentenced, however, he wrote a letter to the district judge alleging that the consequences of his pleas had not been explained to him. In the letter appellant also requested a psychiatric examination. The district judge treated appellant's letter as a motion to withdraw his pleas. The court held a hearing on this motion on 6 June 1969, at the time of appellant's sentencing hearing. The same appointed counsel who advised appellant regarding his pleas also represented appellant at this hearing.

At the hearing the court discussed appellant's allegations with appellant and with his attorney. Appellant now claimed that he had shot only one of the officers—the one who died as a result of gunshot wounds—but denied killing anyone.[8] But after hearing the prosecutor detail the government's evidence in the case and finding that the meaning of the pleas had been explained to appellant by his attorney as well as at the plea hearing, and also that appellant's attorney had investigated the matter, the court was satisfied that the pleas were "fair and just"; the court noted that appellant by pleading guilty had avoided the possible imposition of more punish-

ment, including the death penalty.[9] Accordingly, the court denied appellant's motion to withdraw his guilty plea.[10]

Our investigation of the record confirms that appellant's present section 2255 petition, like his four previous petitions, does not present even an arguable claim of coercion. Similarly, we also find to be entirely without merit appellant's allegation that his guilty pleas were rendered without a sufficient explanation of the consequences. The only vaguely colorable claim here concerns appellant's allegation that he was without effective assistance of counsel at the plea-withdrawal hearing since his attorney did not strenuously advocate that the court order a mental examination for his client. Rather, appellant asserts, counsel suggested to the court that such an examination was not necessary.

## II. DISCUSSION

It is true that appellant's appointed counsel did not seek to persuade the court that his client should be examined by psychiatrists. It is also true, as appellant states, that the sixth amendment right to effective assistance of counsel extends to a hearing on a motion to withdraw a guilty plea.[11] However, there is no basis in the record indicating that a psychiatric examination might have been appropriate, and therefore appellant's counsel cannot be faulted for not making wholly illusory arguments at the plea withdrawal hearing. Quite the contrary, under the circumstances he appears to have served his client well. In short, no injustice or constitutional violation of appellant's sixth amendment right to effective assistance of counsel is presented here.

The record shows, we believe, that withdrawal of the guilty plea and the need for a mental examination were carefully considered by the trial court. Both the court and counsel looked into the psychiatric

---

**6.** *See id.* at 6.

**7.** *See id.* at 7–8.

**8.** *See United States v. White,* Crim. No. 1460–68, at 20–21, 24 (D.D.C. 6 June 1969) (sentencing transcript).

**9.** *See id.* at 21–25.

**10.** This court affirmed that decision. *See* note 1 *supra.*

**11.** *See United States v. Joslin,* 434 F.2d 526 (D.C.Cir.1970).

question and found nothing. The trial judge stated from the bench that

I find no basis for the conclusion that there was anything in the past history of the defendant, Johnnie White, that would justify a psychiatric examination at St. Elizabeth Hospital. I discussed this matter with Mr. Sacks [appellant's appointed counsel] and Mr. Sacks tells me he went into that matter with the defendant, and the defendant advised him there was nothing in his past history that would indicate that he had any psychiatric difficulty, that he would be mentally ill.

Furthermore, that he did not wish to interpose the defense of insanity.[12]

The record demonstrates, then, that counsel addressed his client's concerns and advocated appellant's interest effectively by achieving a favorable plea-bargain. There is not a scintilla of merit to appellant's post hoc expressions of interest in a psychiatric examination.

Moreover, on appellant's direct appeal—at which time he had a counsel different from trial—the issues of the guilty plea withdrawal and mental examination were *again* examined and rejected. Specifically, the appeal considered the appellant's "understanding" and "voluntariness" in deciding to plead guilty. The appellate court said that the trial judge "may fairly" have concluded from his questioning of appellant *himself* that the latter "had decided not to pursue the matter of the mental examination."[13] Were the appellant's "understanding" or "voluntariness" attenuated by ineffective trial counsel, appellant's appellate counsel could and should have raised the issue then.

■ Thus appellant's claim that he was without effective counsel at the plea withdrawal hearing, since his attorney there did not push for a mental examination, is invalid for several reasons. First, an effective counsel would *not* have pushed for a mental

examination. Second, the trial court *did* consider and reject the need for a mental examination anyway, questioning appellant *himself* on the matter. Third, it was held on an earlier appeal, at which appellant had a new counsel, that defendant had "voluntarily" and with "understanding" decided not to pursue the matter of the mental examination at the plea withdrawal hearing. The mental examination issue was raised and dealt with by the trial court[14] and this court. Therefore we must reject appellant's claim that, simply because his attorney himself did not push for a mental examination, appellant was without effective counsel at the plea withdrawal hearing.

In this case, justice and the Constitution have been served by a careful trial court and a conscientious lawyer. The denial of appellant's section 2255 motion is accordingly

*Affirmed.*

MIKVA, Circuit Judge, concurs in the result.

---

12. *United States v. White*, Crim. No. 1460–68, at 18 (D.D.C. 6 June 1969) (sentencing transcript).

13. *United States v. White*, No. 23,355, at 3 (D.C.Cir. 29 June 1970) (unpublished *per curiam* order and opinion).

14. The same District Judge likewise dealt with but reached a different conclusion re appellant's son. *See* note 4 *supra*.