This is a divorce case.
The husband's motion for a new trial was filed on May 29, 1985. The trial court's order thereon dated August 29, 1985 was a nullity, since the husband's motion had been overruled by operation of Rule 59.1, A.R.Civ.P., as of August 27, 1985.Carnes v. Carnes, 365 So.2d 981 (Ala.Civ.App. 1978), cert.denied, 365 So.2d 985 (Ala. 1979). The husband had forty-two days after August 27, 1985, within which to appeal under Rule 4 (a)(1), (3), A.R.A.P. The last day that the husband could validly file his notice of appeal was on October 8, 1985, but it was not filed until October 9, 1985. Since more than forty-two days expired between the overruling of the motion for a new trial and the filing of his notice of appeal, we do not have jurisdiction over the husband's appeal and are left with no alternative but to dismiss it ex mero motu. Rule 2 (a)(1), A.R.A.P.; State v. Wall, 348 So.2d 482 (Ala. 1977); Tri-StateAuto Auction v. Crouch, 475 So.2d 877 (Ala.Civ.App. 1985);Haynes v. Haynes, 470 So.2d 1274 (Ala.Civ.App. 1985); Olson v.Olson, 367 So.2d 504 (Ala.Civ.App. 1979).
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
APPEAL DISMISSED.
All the Judges concur.