This is a divorce case.
Samuel Box (husband) filed a complaint for divorce on November 24, 1986. He had been married to Gay Box (wife) since 1972. The trial court granted the divorce on September 22, 1987 and entered a decree regarding child support, alimony, and the division of the marital property. The husband filed a motion to reconsider and a motion to modify on October 7, 1987. The wife also filed a motion to reconsider on October 22, 1987. The trial court held a hearing on all post-judgment motions on December 9, 1987. At the hearing the court apparently determined the husband's motion to modify was of no merit because there was no evidence of changed circumstances between the date of the divorce decree and the date the motion was filed. However, the court has not yet ruled on this motion and for aught that appears in the record the motion is still pending. On February 4, 1988 the trial court entered an order purporting to grant the wife's motion to reconsider and to partially grant the husband's motion to reconsider. The husband filed this appeal on March 15, 1988. We dismiss the appeal as untimely filed.
Rule 59.1, Alabama Rules of Civil Procedure, provides that a postjudgment motion filed pursuant to Rule 59 shall be deemed denied if not ruled on by the trial court within ninety days after it is filed. Appeal must be taken within forty-two days after the expiration of the ninety day period. Burgess v.Burgess, 486 So.2d 1300 (Ala.Civ.App. 1986); Olson v. Olson,367 So.2d 504 (Ala.Civ.App. 1979); Alabama Rules of Appellate Procedure 4(a)(1), (3). Both post-judgment motions herein were filed pursuant to Rule 59. The wife filed her motion on October 22, 1987. The ninety day period allowed by Rule 59.1 began to run on that day and expired on January 20, 1988. Therefore, the trial court's decree issued February 4, 1988 is a nullity and is of no force and effect. Greco v. Thyssen MiningConstruction, Inc., 500 So.2d 1143 (Ala.Civ.App. 1986);Burgess, supra.
The time for appeal expired on March 2, 1988, forty-two days after the second motion to reconsider was denied by *Page 84 
operation of law. A.R.A.P. 4(a)(3). Since the husband filed his notice of appeal after that date, this court does not have jurisdiction and must dismiss the appeal ex mero motu.State v. Wall, 348 So.2d 482 (Ala. 1977); Tri-State AutoAuction v. Crouch, 475 So.2d 877 (Ala.Civ.App. 1985); A.R.A.P 2(a)(1).
Rule 59.1 allows the parties to extend the ninety day period for ruling on a postjudgment motion. However, such consent must be expressed by all parties and must appear in the record. No such consent appears in the record herein. Consent to a hearing on a post-judgment motion does not satisfy the requirement of express consent of the parties to extend the ninety day period.Harrison v. Alabama Power Co., 371 So.2d 19 (Ala. 1979).
We have no alternative but to dismiss this appeal as untimely filed, and hold the trial court's order of February 4, 1988 is void and of no force and effect. Kichler v. Kichler,523 So.2d 1074 (Ala.Civ.App. 1988).
Wife's request for an attorney's fee on appeal is denied.
APPEAL DISMISSED.
HOLMES and INGRAM, JJ., concur.