THIGPEN, Judge.
This is a divorce case.
David J. Wall (husband) and Carolyn W. Wall (wife) were married approximately four years, after which the husband filed a complaint for divorce on April 27, 1992, claiming incompatibility of temperament and requesting an equitable division of property. The wife answered and counterclaimed for divorce, requesting attorney fees and periodic support.
On August 20, 1992, after ore tenus proceedings, the trial court entered a final decree of divorce that divided the marital debts and property, and that provided for the sale of the marital residence and the distribution of proceeds.
On September 17, 1992, the wife filed a post-judgment motion, requesting that the trial court conduct a new trial, or, in the alternative, to alter, amend or vacate the judgment of divorce, requesting alimony and the marital home. The motion was heard on November 10,1992, and on January 13,1993, the trial court amended the final decree, ordering the husband to pay $350 per month to the wife as periodic alimony.
On January 26,1993, the husband, alleging a “severe financial hardship,” filed a post-judgment motion, which was denied, and on February 24, 1993, the husband filed his notice of appeal.
The dispositive issue on appeal is whether the husband’s notice of appeal was timely filed.
Rule 59.1, A.R.Civ.P. provides that should the trial court fail to rule on a post-judgment motion filed pursuant to Rule 59, A.R.Civ.P., within 90 days of its filing, the motion shall be deemed denied as of the date of the expiration of that period. The 90-day period may, however, be extended by the express consent of the parties or by action of the appropriate appellate court. Rule 59.1, A.R.Civ.P.
In the instant case, the 90-day period began to run on September 17,1992, and it expired on December 16,1992. Although a hearing on the post-judgment motion was held within the 90-day span of time, the trial court did not actually dispose of the motion until January 13, 1993. The record does not divulge the existence of any agreement by the parties to extend the 90-day period, and this court has entertained no such request; therefore, in the absence of either, the wife’s post-judgment motion was automatically denied by operation of law on December 16, 1992. From that date forward, the trial court lacked jurisdiction over the matter. Colburn v. Colburn, 510 So.2d 266 (Ala.Civ.App.1987). An appeal must be taken within 42 days of the denial of a motion by operation of law. Rule 4(a)(1), (3), A.R.App.P.; Burgess v. Burgess, 486 So.2d 1300 (Ala.Civ.App.1986). The husband’s notice of appeal was not filed until seventy days after denial by operation of law of the wife’s post-judgment motion. Therefore, the notice of appeal was untimely. Burgess, supra.
The trial court’s amended order of January 13, 1993, is a nullity and is of no force and effect. Colburn, supra. While it is unfortunate that the wife will have no right to periodic alimony, we are compelled to dismiss this appeal.
*883 Based upon the foregoing, the original judgment of divorce remains in full force and effect. The wife’s request for an attorney fee on appeal is denied.
APPEAL DISMISSED.
ROBERTSON, P.J., and YATES, J., concur.