THIGPEN, Judge.
This is a divorce case involving a post-judgment motion.
An amended divorce judgment was entered in June 1992, and in July 1992, the wife filed a timely motion pursuant to Rule 59, A.R.Civ.P., seeking to set aside that judgment. In August, the wife filed a request for admissions.
The record discloses no further action until October 28, 1992, when the wife filed a motion seeking to establish certain facts. On October 30, 1992, she filed a motion seeking to have the husband held in contempt for failing to pay child support. On November 6, 1992, the trial court entered an order setting the wife’s motions for hearing in December. Ultimately, on March 8, 1993, the trial court entered an order denying the wife’s motion to set aside the amended judgment of divorce. The wife appeals that denial.
Rule 59.1, A.R.CÍV.P., provides that a motion filed pursuant to Rule 59, A.R.Civ.P., is denied by operation of law after the expiration of a 90-day period unless that time period is extended by the express consent of all the parties, and that extension appears of record. A case action summary entry is sufficient. Ex parte Sherer Timber Company, Inc., 612 So.2d 467 (Ala.1992).
In the instant case there is absolutely nothing in the record extending the time period to allow the motion to remain pending beyond October 23, 1992. Accordingly, the wife’s motion was denied by operation of law and her appeal is untimely. Rule 4, A.R.App.P.
This appeal is dismissed.
APPEAL DISMISSED.
ROBERTSON, P.J., and YATES, J., concur.