THIGPEN, Judge.
This case involves post-judgment motion practice.
The trial court entered a divorce judgment in November 1994, and on November 29, 1994, the husband filed a post-judgment motion. Initially, a hearing on the motion was set for December 2, 1994, and on December 14, 1994, the trial court granted the wife a seven-day extension to file a responsive memo. Apparently, no farther action was taken until February 28,1995, when the trial court set a hearing date for April 4, 1995. On March 17,1995, the wife filed a motion to strike the hearing, asserting that the parties had not agreed to extend the time for disposition of the motion, and that the husband’s motion was deemed denied by operation of law.
Other pleadings and orders followed, including an order of June 1,1995, disposing of certain requests of the husband’s post-judgment motion, and continuing the disposition of others. On September 18, 1995, the trial court entered an order which finally disposed of all matters raised by the husband’s initial post-judgment motion. Although the wife appealed in October 1995, raising issues regarding the judgments of June and September 1995, the dispositive issue concerns the timeliness of her appeal.
No post-judgment motion filed pursuant to Rule 59 shall remain pending for more than 90 days, without the express consent of the parties. Rule 59.1, A.R.Civ.P. The failure of the trial court to timely address such a motion constitutes a denial of the motion. Wall v. Wall, 628 So.2d 881 (Ala.Civ.App.1993).
In the instant case, the 90-day period, which began to run on November 29, 1994, expired on February 27,1995. While it appears that the trial court set the matter for hearing in December 1994, and that numerous motions were subsequently filed by both parties, it is clear that the trial court did not dispose of the post-judgment motion until the orders entered on June 1, 1995, and September 18,1995. The record does not contain an agreement of the parties extending the 90-day period, and, in that absence, the husband’s post-judgment motion was deemed denied by operation of law on February 27, 1995. See Rule 59.1, A.R.Civ.P., and Ex parte Sherer Timber Co., 612 So.2d 467 (Ala.1992). The trial court lacked jurisdiction after that date, and consequently, its orders of June 1 and September 18 are null and void. Wall, 628 So.2d 881; see also Griffin v. Griffin, 638 So.2d 904 (Ala.Civ.App.1993).
The wife’s notice of appeal, filed more than 42 days after the husband’s post-judgment motion was denied by operation of law, is therefore, untimely and due to be dismissed. Rule 4, A.R.App.P.
APPEAL DISMISSED.
ROBERTSON, P.J., and MONROE, J., concur.