On October 26, 2005, pursuant to a negotiated agreement, the appellant, Raymond Wade Casteel, pled guilty to first-degree sexual abuse. The trial court sentenced him, as a habitual offender, to serve a term of life in prison. See
§ 13A-5-9(c)(1), Ala. Code 1975. The appellant filed a notice of appeal, but we dismissed his appeal on April 18, 2006, because he did not timely file his notice of appeal. (CR-05-1245.) On October 25, 2006, the appellant filed a Rule 32 petition, challenging his conviction, and he subsequently amended his petition. After the State responded, the circuit court summarily denied the petition. This appeal followed.
The appellant argues that he did not appeal his conviction through no fault of his own. Specifically, he contends that the trial court "forced [him] to represent himself after [he] requested counsel for his motion to withdraw the guilty plea, resulting in a failure to timely appeal through no fault of his own." (Appellant's brief at p. 9.) The record indicates that the appellant was sentenced on October 26, 2005. On November 23, 2005, the appellant filed a pro se motion to withdraw his guilty plea in which he requested that the court "appoint a competent and able attorney to represent Defendant and assert the claims before the Court." (C.R. 33.) On December 2, 2005, the trial court set a hearing on the motion for January 10, 2006. On December 13, 2005, the trial court entered an order allowing trial counsel to withdraw from the case. The appellant's motion to withdraw his guilty plea was denied by operation of law on December 27, 2005. On January 23, 2006, the trial court entered an order purportedly denying the appellant's motion to withdraw his guilty plea. On March 3, 2006, the appellant filed a notice of appeal, and this court dismissed the appeal on April 18, 2006. (CR-05-1245.)
 "The Sixth Amendment guarantees the right of counsel to the accused in all criminal prosecutions. U.S. Const. Amend. VI. This right to counsel encompasses all federal and state criminal prosecutions that result in imprisonment. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct 2006, 32 L.Ed.2d 530
(1972); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). This right is applicable to the states by virtue of the Fourteenth Amendment. Gideon v. Wainwright. The right attaches at the initiation of adversary judicial proceedings, and extends to every critical stage of the proceedings. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). A critical stage is any stage where a substantial right of an, accused may be affected, Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336
(1967), and can arise in pre-trial as well as post-trial proceedings. See Moran v. Burbine, 475 U.S. 412, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986) (pre-trial right to presence of attorney violate ed during any interrogation occurring after the first formal charging proceedings, absent a valid waiver); Brewer v. Williams, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977) (pre-trial right to counsel violated where judicial proceedings had been initiated and confession obtained without the presence of counsel and in absence of a valid waiver); Johnston v. Mizell, 912 F.2d 172 (7th Cir. 1990), cert. denied, 498 U.S. 1094, 111 S.Ct. 982, 112 L.Ed.2d 1067 (1991) (post-trial motion for new trial critical stage in criminal proceedings); Menefield v. Borg, 881 F.2d 696 (9th Cir. 1989) (post-trial motion for new trial critical stage requiring counsel or valid waiver); King v. State, *Page 507 613 So.2d 888 (Ala.Cr.App. 1993) (post-trial motion for new trial critical stage requiring counsel, absent a valid waiver). Courts have held that a motion to withdraw a guilty plea is a critical stage in a criminal proceeding, requiring effective assistance of counsel. See, e.g., United States v. White, 659 F.2d 231 (D.C. Cir. 1981); United States v. Crowley, 529 F.2d 1066 (3rd Cir. 1976). In recognizing that a defendant in Alabama has a right to counsel at sentencing and in the first appeal, this court stated in King v. State, 613 So.2d at 891, `It would appear that if an indigent defendant is constitutionally entitled to the assistance of counsel at sentencing and in the first appeal as a matter of right, that defendant would be entitled to the assistance of counsel in the interim period, absent a waiver.'
 "Based upon the foregoing authorities, we find that a motion to withdraw a guilty plea is a critical stage in a criminal proceeding requiring representation of counsel or a valid waiver of the right to counsel.
 "The right to counsel does not depend upon a request by the accused. Brewer v. Williams, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977); Kitchens v. Smith, 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971). `[I]f an accused does not waive counsel and does not retain acceptable counsel, the court must appoint counsel' United States v. Turnbull, 888 F.2d 636, 638 (9th Cir. 1989), cert. denied, 498 U.S. 825, 111 S.Ct. 78, 112 L.Ed.2d 51 (1990). If a defendant in a criminal proceeding is not represented by counsel, the state must prove an intentional relinquishment of that right. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). If an accused waives his right to counsel, that waiver must be intelligently and understandingly made and cannot be presumed from a silent record. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).
 "`But it is settled that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request. . . .
 "`. . . .
 "`. . . Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.'
"Id. at 513-16, 82 S.Ct. at 889-90.
"The constitutional `right to counsel, or waiver thereof, is an essential jurisdictional prerequisite to the authority to convict an accused[, and c]onviction without this safeguard is void.' People v. Carroll, 140 Cal.App.3d 135, 140, 189
Cal.Rptr. 327, 331 (Cal.App. 2 Dist.), cert. denied,464 U.S. 820, 104 S.Ct. 83, 78 L.Ed.2d 93 (1983) (citing Johnson v.Zerbst). Unless a defendant has or waives assistance of counsel, the Sixth Amendment is a jurisdictional bar to a valid conviction and sentence. Johnson v. Zerbst; Stokes v.Singletary, 952 F.2d 1567 (11th Cir. 1992); Boruff v.United States, 310 F.2d 918 (5th Cir. 1962). See alsoLancaster v. State, [638 So.2d 1370, 1373] (Ala.Cr.App. 1993) (`the appellant's . . . right to have counsel appointed on appeal [is a] jurisdictional matter; Lake v.City of Birmingham, 390 So.2d 36, 38 (Ala.Cr.App. 1980) (a record failing to reveal any of the circumstances surrounding the appellant's self-representation `Will not support the trial court's judgment wherein the appellant was sentenced to a loss of liberty')." *Page 508 Berry v. State, 630 So.2d 127, 129-30
(Ala.Crim.App. 1993) (footnotes omitted).
The record in this case indicates that the appellant was not represented by counsel during a portion of the time between his sentencing and his first appeal. Also, the record does not indicate that he waived his right to counsel during that time. In fact, in his motion to withdraw his guilty plea, the appellant requested that the court appoint counsel to represent him with regard to the motion to withdraw his guilty plea. Because the appellant was not represented by counsel during this critical stage of the proceedings, he is entitled to an out-of-time appeal. Accordingly, we reverse the circuit court's judgment and remand this case with instructions that that court grant the appellant leave to file an out-of-time appeal from his conviction.
REVERSED AND REMANDED.
McMILLAN, SHAW, WISE, and WELCH, JJ., concur.