SHAW, Judge.
Raymond Wade Casteel pleaded guilty to sexual abuse in the first degree, a violation of § 13A-6-66, Ala.Code 1975. The trial court sentenced Casteel, an habitual offender, to life imprisonment. Casteel subsequently filed a motion to withdraw his plea; that motion was denied by operation of law.
On appeal, Casteel contends that he was denied counsel during a critical stage of the proceedings, specifically, during the pendency and subsequent denial of his motion to withdraw his guilty plea, and that the trial court erred in not appointing counsel to represent him during that time despite his request that the court do so. He also contends that he is entitled to an evidentiary hearing on his motion to withdraw his plea during which he is represented by counsel. The State agrees that Casteel was denied counsel during a critical stage of the proceedings and requests that we remand this case to the trial court for further proceedings.
The record reflects that Casteel was originally indicted on February 4, 2005, for one count of burglary in the first degree, in violation of § 13A-7-5, Ala.Code 1975, and one count of rape in the first degree, in violation of § 13A-6-61, Ala.Code 1975. On June 28, 2005, Casteel appeared in court for arraignment, and the trial court determined that Casteel was indigent and appointed counsel to represent him. On October 26, 2005, pursuant to a plea agreement with the State, Casteel pleaded guilty to first-degree sexual abuse as a lesser-included offense of first-degree rape as charged in count 2 of the indictment, and the burglary charge in count 1 of the indictment was dismissed. As part of the plea agreement, Casteel waived his right to appeal his conviction and sentence and waived his indigency status for purposes of restitution.
On November 23, 2005, Casteel filed a pro se motion to withdraw his guilty plea alleging, among other things, that his guilty plea and his waiver of his right to appeal were involuntary and that his trial counsel was ineffective.[1] Casteel specifically requested in the motion that the trial court appoint an attorney to represent him and to present his claims to the court. On December 2, 2005, apparently determining that Casteel was entitled to an evidentiary hearing on the claims asserted in his motion, the trial court scheduled a hearing on the motion for January 10, 2006, 76 days after Casteel was sentenced. There is no indication in the record that the scheduling of the hearing past the 60th day after Casteel’s sentencing was by agreement of the parties in compliance with Rule 24.4, Ala.R.Crim.P.; therefore, Casteel’s motion was deemed denied by operation of law on December 27, 2005. On December 8, 2005, Casteel’s trial counsel filed a motion to withdraw from representing Casteel, which the trial court granted on December 13, 2005. On January 10, 2006, the trial court conducted a hearing on Casteel’s motion to withdraw his guilty plea; Casteel was not represented by counsel at the hearing. The trial court entered an order on January 23, 2006, purporting to deny Casteel’s motion to withdraw his guilty plea.
*13 On January 31, 2006, Casteel filed an objection to the trial court’s order denying his motion to withdraw his guilty plea, alleging, among other things, that the trial court had erred when it failed to inquire whether he wanted appointed counsel during the hearing on the motion to withdraw his guilty plea and when it required him to represent himself during the hearing on the motion. The trial court denied Cas-teel’s objection on February 17, 2006. Casteel filed a notice of appeal on March 3, 2006, and a written waiver of the right to appellate counsel on March 22, 2006. On March 22, 2006, Casteel filed a motion for leave to proceed in forma pauperis on appeal; the trial court granted the motion, finding Casteel to be indigent, on April 3, 2006. On April 18, 2006, this Court dismissed Casteel’s appeal as being untimely and issued a certificate of judgment.
On October 20, 2006, Casteel filed a Rule 32, Ala.R.Crim.P., petition for post-conviction relief, alleging that he had failed to file a timely notice of appeal through no fault of his own. On December 6, 2006, the trial court issued an order finding Cas-teel to be indigent and allowing him to proceed with his petition in forma pauper-is. On December 28, 2006, the trial court entered a written order denying Casteel’s petition. Casteel filed a written notice of appeal on January 26, 2007. On June 29, 2007, this Court reversed the trial court’s denial of Casteel’s petition and remanded the case for the trial court to grant Casteel an out-of-time appeal, holding that Casteel was denied his right to counsel because he was not represented by counsel and did not voluntarily waive his right to counsel during a critical stage of the proceedings, specifically “during a portion of the time between his sentencing and his first appeal” and, therefore, that he was entitled to an out-of-time appeal. Casteel v. State, 976 So.2d 505, 508 (Ala.Crim.App.2007). On July 17, 2007, Casteel filed a motion with the trial court requesting that it comply with this Court’s June 29, 2007, opinion and issue an order granting him leave to file an out-of-time appeal. On July 25, 2007, the trial court issued an order granting Casteel leave to file this out-of-time appeal, and Casteel filed a notice of appeal on August 7, 2007.
Initially, we point out that the trial court lost jurisdiction after Casteel’s motion to withdraw his guilty plea was denied by operation of law on December 27, 2005, and every action taken by the trial court thereafter, including the January 10, 2006, hearing on the motion and the trial court’s January 23, 2006, order purporting to deny the motion was “ ‘a nullity and ... of no force and effect.’ ” Edgar v. State, 646 So.2d 681, 683 (Ala.Crim.App.1993), rev’d, 646 So.2d 683 (Ala.1994) (pertinent reasoning approved), quoting Box v. Box, 536 So.2d 83, 83 (Ala.Civ.App.1988). Thus, “this Court can consider neither the court’s order nor anything that occurred at the hearing.” Minor v. State, 914 So.2d 372, 402 (Ala.Crim.App.2004). See also Finney v. State, 860 So.2d 367 (Ala.Crim. App.2002), and Rogers v. State, 819 So.2d 643 (Ala.Crim.App.2001).
That being said, this Court has already held in Casteel, supra, that Casteel was denied counsel “during a portion of the time between his sentencing and his first appeal.” 976 So.2d at 508. That “portion of the time between his sentencing and his first appeal” included the pen-dency and subsequent denial of his motion to withdraw his plea. Indeed, in Casteel, supra, this Court specifically relied on Berry v. State, 630 So.2d 127 (Aia.Crim.App. 1993), in which this Court held that “a motion to withdraw a guilty plea is a critical stage in a criminal proceeding requiring representation of counsel or a valid waiver of the right to counsel.” 630 So.2d *14 at 129. Therefore, we agree with Casteel that he was denied counsel during a critical stage of his criminal proceeding—the pendency and denial of his motion to withdraw his plea—and that he is entitled to an evidentiary hearing on his motion at which he is represented by counsel.[2]
Based on the foregoing, we remand this case for the trial court to appoint counsel to represent Casteel;[3] to hold a hearing on Casteel’s motion to withdraw his guilty plea; and then to enter specific written findings of fact addressing each of the claims in Casteel’s motion. Due return shall be filed with this Court within 56 days of the date of this opinion and shall include a transcript of the evidentiary hearing, any other evidence received or relied on by the court, and the trial court’s written findings of fact.[4]
REMANDED WITH DIRECTIONS. 
BASCHAB, P.J., and McMILLAN, WISE, and WELCH, JJ., concur.

. See, e.g., Boglin v. State, 840 So.2d 926 (Ala.Crim.App.2002) (the voluntariness of a guilty plea, the voluntariness of a waiver of the right to appeal or to seek collateral review, and trial counsel’s effectiveness may be challenged on direct appeal if properly preserved, or collaterally in a Rule 32, Ala. R.Crim.P., petition, despite the presence of the waiver).

. As noted above, by setting Casteel’s motion for a hearing originally, the trial court apparently determined that Casteel was entitled to an evidentiary hearing on his claims; the propriety of that decision is not an issue in this appeal.

. As noted throughout this opinion, the trial court has previously found Casteel to be indigent on several occasions. There is no doubt that Casteel is indigent and entitled to have counsel appointed to represent him.

.We pretermit discussion of Casteel's remaining issues pending the trial court's return to our remand.