MURDOCK, Justice.
While represented by counsel, Stanford Earl Pritchett pleaded guilty to murder. Thereafter, Pritchett filed a pro se motion to set aside his guilty plea, asserting ineffective assistance of trial counsel. The trial court denied Pritchett’s motion without conducting a hearing and without making a determination that Pritchett had validly waived his right to counsel with respect to the motion.
The Court of Criminal Appeals affirmed the trial court’s order denying Pritchett’s motion to withdraw his guilty plea. Pritchett petitioned this Court for a writ of certiorari as to that decision, asserting that it conflicted with Berry v. State, 630 So.2d 127, 129 (Ala.Crim.App.1993). We granted the petition, and we now reverse the decision of the Court of Criminal Appeals and remand the case.

Facts and Procedural History

On February 22, 2010, Pritchett entered a plea of guilty to murder, see Ala.Code 1975, § 13A-6-2. The trial court sentenced him to 23 years’ imprisonment.
In the proceedings up to and through Pritchett’s entry of a guilty plea, Pritchett was represented by appointed counsel. Among other things, counsel signed an explanation-of-rights-and-plea-of-guilty form and were present in court during the hearing in which the trial court accepted Pritchett’s guilty plea.
On March 22, 2010, Pritchett filed a timely motion to withdraw his guilty plea. The motion was handwritten. It expressly stated that it was being filed “pro se.” The ground for relief stated in the motion was the alleged inadequacy and ineffectiveness of the counsel who had represented Pritchett up to that point.[1]
The trial court denied Pritchett’s motion the next day without a hearing. The record does not reveal the basis for the denial of Pritchett’s motion; the trial court did not enter a written order but merely noted the denial on the first page of the motion. On April 20, 2010, Pritchett, acting pro se, filed an appeal to the Court of Criminal Appeals from the denial of his motion.
On May 11, 2010, appointed counsel filed a motion to withdraw as attorneys of record. In their motion to withdraw, counsel stated that “Pritchett has never, by letter or otherwise, requested counsel to file any notice of appeal, pleading, motion or other request for relief in connection with his plea of guilty on February 22, 2010.” The trial court granted the attorneys’ motion to withdraw on the same day the request was made.
Following the withdrawal of appointed counsel, new counsel was appointed to represent Pritchett on appeal. On appeal before the Court of Criminal Appeals, Pritch-ett contended that a motion to withdraw a guilty plea is a “critical stage” in a prosecution and that the trial court denied him his Sixth Amendment right to counsel by denying his motion when he was not “duly” *358 represented by counsel and without obtaining a valid waiver of his right to counsel.
The Court of Criminal Appeals affirmed the trial court’s judgment by an unpublished memorandum. Pritchett v. State (No. CR-09-1050, Dec. 3, 2010), 92 So.3d 816 (Ala.Crim.App.2010) (table). That court purported to distinguish this case from Berry and Casteel v. State, 21 So.3d 11 (Ala.Crim.App.2008), on the ground that Pritchett was represented by counsel when he filed his pro se motion to withdraw his guilty plea and that Pritchett had no constitutional right to so-called “hybrid representation” (that is, self-representation and representation by counsel). See Christianson v. State, 601 So.2d 512, 519 (Ala.Crim.App.1992) (no right to hybrid representation). This Court granted Pritchett’s petition for review of the Court of Criminal Appeals’ decision.

Analysis

In his brief to this Court, Pritchett contends, as he did in the Court of Criminal Appeals, (1) that the preparation and presentation of his motion to withdraw his guilty plea was a critical stage in the judicial proceedings as to which the Sixth Amendment right to counsel applied, and (2) that the trial court violated his Sixth Amendment right to counsel when it denied his pro se motion to withdraw his guilty plea without first determining that Pritchett knew he had a right to the assistance of counsel in connection with such a motion and that he had knowingly and intelligently waived that right.
A criminal defendant has a right to counsel at any “critical stage” in the proceedings in which he or she is prosecuted and sentenced, e.g., United States v. Wade, 388 U.S. 218, 224, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), that is, at any stage at which a substantial right of the accused may be affected, Mempa v. Rhay, 389 U.S. 128, 134, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). “If the accused ... is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment [to the United States Constitution] stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or liberty.” Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The trial “court should advise the defendant regarding the ‘dangers and disadvantages’ of proceeding without the assistance of counsel in order for the record to show that the defendant has decided to proceed without counsel ‘with eyes wide open.’ ” Johnson v. State, 716 So.2d 745, 749 (Ala.Crim.App.1997) (quoting Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). See also Faretta, 422 U.S. at 807 (recognizing a criminal defendant’s right to proceed without counsel when he or she “voluntarily and intelligently elects to do so”).
Like the present case, Berry involved a defendant who was represented by appointed counsel up to and through the entry of a guilty plea. Berry subsequently filed a pro se motion to withdraw his guilty plea. A hearing was conducted on this motion; Berry attended that hearing unaccompanied by counsel.
On appeal, the Court of Criminal Appeals held “that the hearing, insofar as [Berry’s] motion to withdraw his guilty plea was reviewed, was a critical stage in the judicial proceedings that required that he have the assistance of counsel during that proceeding or that he have validly waived such assistance.” Berry, 630 So.2d at 130. The Berry court found that because Berry was not represented at the hearing on his motion to withdraw his guilty plea, a fundamental error had occurred, and, therefore, the case was remanded to the trial court with instructions for the trial court to set aside its order *359 denying Berry’s motion to withdraw the guilty plea and to conduct a new hearing on the motion at which Berry was to be represented by counsel.
Casteel involved an appeal from the denial of a Rule 32, Ala. R.Crim. P., petition. Casteel, an indigent defendant represented by appointed counsel, had entered a guilty plea to first-degree sexual abuse. Acting pro se, Casteel subsequently filed a motion to withdraw his guilty plea in which he requested the appointment of new counsel because, among other things, his current counsel allegedly was ineffective. Casteel represented himself at the hearing on his motion to withdraw his guilty plea. The court held that Casteel “was denied counsel during a critical stage of his criminal proceeding — the pendency and denial of his motion to withdraw his plea — and that he is entitled to an evidentiary hearing on his motion at which he is represented by counsel.” Casteel, 21 So.3d at 14. The case was remanded to the trial court with directions for the trial court to hold a hearing on Casteel’s motion to withdraw his guilty plea at which Casteel was to be represented by counsel.
It is important to observe that the fact that the defendants in Berry and Casteel had their motions denied following hearings, whereas Pritchett’s motion was denied without the benefit of a hearing, is no basis for distinguishing between those earlier cases and this one. Indeed, although the State argued this as a distinction in the Court of Criminal Appeals, it abandons that argument in this Court. As the Court of Criminal Appeals explained in Berry:
“The Sixth Amendment guarantees the right of counsel to the accused in all criminal prosecutions. U.S. Const. Amend. VI. This right to counsel encompasses all federal and state criminal prosecutions that result in imprisonment. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). This right is applicable to the states by virtue of the Fourteenth Amendment. Gideon v. Wainwright. The right attaches at the initiation of adversary judicial proceedings, and extends to every critical stage of the proceedings. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). A critical stage is any stage where a substantial right of an accused may be affected, Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), and can arise in pretrial as well as post-trial proceedings. See Moran v. Burbine, 475 U.S. 412, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986) (pretrial right to presence of attorney violated during any interrogation occurring after the first formal charging proceedings, absent a valid waiver); Brewer v. Williams, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977) (pre-trial right to counsel violated where judicial proceedings had been initiated and confession obtained without the presence of counsel and in absence of a valid waiver); Johnston v. Mizell, 912 F.2d 172 (7th Cir. 1990), cert. denied, 498 U.S. 1094, 111 S.Ct. 982, 112 L.Ed.2d 1067 (1991) (post-trial motion for new trial critical stage in criminal proceedings); Menefield v. Borg, 881 F.2d 696 (9th Cir.1989) (post-trial motion for new trial critical stage requiring counsel or valid waiver); King v. State, 613 So.2d 888 (Ala.Cr.App.1993) (post-trial motion for new trial critical stage requiring counsel, absent a valid waiver). Courts have held that a motion to withdraw a guilty plea is a critical stage in a criminal proceedings, requiring effective assistance of counsel. See, e.g., United States v. White, 659 F.2d 231 (D.C.Cir.1981); United States v. Crowley, 529 F.2d 1066 (3rd Cir.1976). In recognizing that a defendant in Ala *360 bama has a right to counsel at sentencing and in the first appeal, this court stated in King v. State, 613 So.2d at 891, ‘It would appear that if an indigent defendant is constitutionally entitled to the assistance of counsel at sentencing and in the first appeal as a matter of right, that defendant would be entitled to the assistance of counsel in the interim period, absent a waiver.’
“Based upon the foregoing authorities, we find that a motion to withdraw a guilty plea is a critical stage in a criminal proceeding requiring representation of counsel or a valid waiver of the right to counsel.”
630 So.2d at 129 (emphasis added). See also Casteel, 21 So.3d at 13-14 (holding that “the pendency and denial” of a defendant’s motion to withdraw his guilty plea is a critical stage in his criminal proceeding).
Accordingly, in its unpublished memorandum in the present case, the Court of Criminal Appeals rightly rejected the fact that the trial court held a hearing in Bern/ and Casteel as a basis for distinguishing between those cases and this one:
“We note that the State argues that Pritchett’s case is distinguishable from Berry and Casteel because, according to the State, Berry and Casteel had to represent themselves at a hearing on their motions, whereas Pritchett’s motion was summarily denied without a hearing. However, this not a sufficient distinction. In King v. State, 613 So.2d 888 (Ala.Crim.App.1993), this Court was called upon to determine ‘whether the appellant is constitutionally entitled to the assistance of counsel in the preparation of his motion for a new trial.’ King v. State, 613 So.2d at 890. (Emphasis added.) The King Court held that ‘the filing of a motion for a new trial is a critical stage of the prosecution and that an indigent defendant is entitled to the assistance of counsel, absent a waiver, at that stage of the proceedings.’ King v. State, 613 So.2d at 891. (Emphasis added.) —
“Thus, the distinguishing factor between Pritchett’s case and Berry and Casteel is not that Pritchett was not afforded a hearing.”
Although the Court of Criminal Appeals recognized the preparation, filing, and consideration of a motion to withdraw a guilty plea as a “critical stage,” that court nonetheless affirmed the judgment of the trial court on the ground that the defendant was not entitled to so-called “hybrid representation” during this critical stage. That holding, however, presumes that, unlike the defendant in such cases as Bemj and Casteel, Pritchett was in fact represented by counsel for these purposes. This cannot be presumed and, as to this issue, we see no difference between the circumstances presented in Berry and Casteel and those presented here.
In Berry, counsel who had been appointed to represent the defendant had not asked for permission to withdraw, and, thei’efore, that counsel nominally remained “of record.” Yet, based on the facts that the defendant had filed what the Court of Criminal Appeals simply referred to, without explanation, as a “pro se” motion and then appeared at a hearing on that motion without being accompanied by counsel, the court recognized the practical reality that the defendant “did not have the assistance of counsel.” Berry, 630 So.2d at 127. The present case is indistinguishable in this regard.
As in Berry, counsel in the present case were appointed for the defendant, and at no point before the filing and adjudication of the motion to withdraw the guilty plea did counsel formally withdraw. Nonetheless, Pritchett filed a motion to *361 withdraw his guilty plea that, in this case, we know was handwritten and that explicitly stated that it was being filed as a “pro se” motion. Furthermore, we also know that, in this case, the ground for relief asserted in this motion was that counsel who had represented the defendant before the filing of the motion allegedly had been inadequate and ineffective. As in Berry, although Pritchett nominally had counsel of record at the time he filed his motion, it was clear that the motion was prepared and relief was sought by Pritchett without the involvement of that counsel. We find no distinction between the present case and Berry in this regard.
Given this lack of distinction between Berry and the present case, we in turn find persuasive and applicable the holding of Berry as to the necessity of advising a defendant of his or her right to counsel and ensuring that, if there is to be a waiver of this right, it is a knowing, intelligent, and voluntary waiver:
“The right to counsel does not depend wpon a request by the accused. Brewer v. Williams, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977); Kitchens v. Smith, 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971). ‘[I]f an accused does not waive counsel and does not retain acceptable counsel, the court must appoint counsel.’ United States v. Turnbull, 888 F.2d 636, 638 (9th Cir. 1989), cert. denied, 498 U.S. 825, 111 S.Ct. 78, 112 L.Ed.2d 51 (1990). If a defendant in a criminal proceeding is not represented by counsel, the state must prove an intentional relinquishment of that right. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). If an accused waives his right to counsel, that waiver must be intelligently and understandingly made and cannot be presumed from a silent record,[3] Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).
“ ‘But it is settled that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request ....
“ ‘... Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.’
“Id. at 513-16, 82 S.Ct. at 889-90.
“In reviewing the record in the instant case, we conclude that the hearing, insofar as the appellant’s motion to withdraw his guilty plea was reviewed, was a critical stage in the judicial proceedings that required that he have the assistance of counsel during that proceeding or that he have validly waived such assistance. The record shows and we find that he did not have the assistance of counsel, and no waiver is reflected on the record before us. Because we conclude that the hearing was a critical stage of the proceeding, involving the appellant’s substantial rights, the trial court was required to advise the appellant of his right to counsel and to ensure that counsel was provided or to ascertain if the right to counsel had been waived. On the record before us, we conclude that the trial court did neither.
“Because of this fundamental error, the order of the trial court denying the appellant’s motion to withdraw his guilty plea is set aside. A new evidentiary hearing at which the appellant shall be represented by counsel must be held on *362 the appellant’s motion to withdraw his guilty plea.
680 So.2d at 129-30 (emphasis added).
By the same token, the judgment of the trial court in the present case is due to be set aside. Accordingly, the judgment of the Court of Criminal Appeals is reversed and this case is remanded to the Court of Criminal Appeals for that court to reverse the order of the trial court and remand this case for a hearing on Pritchett’s motion to withdraw his guilty plea in which Pritchett is represented by counsel or in which the trial court determines that Pritchett has knowingly, intelligently, and voluntarily waived his right to counsel.
REVERSED AND REMANDED WITH DIRECTIONS.
MALONE, C.J., and WOODALL, STUART, BOLIN, PARKER, and SHAW, JJ., concur.
MAIN and WISE, JJ., recuse themselves.*

. In his motion, Pritchett alleged, among other things, that his two appointed attorneys failed to adequately prepare and investigate his case, failed to negotiate for a plea to a Iesser-included offense, and failed to argue self-defense.

"3The state cannot force counsel upon a defendant. Every defendant has a right to waive counsel and to conduct his own defense. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).”