BURKE, Judge.
Tequan Sabre Graham appeals the circuit court’s summary denial of his Rule 32, Ala. R.Crim. P., petition for postconviction relief, challenging his September 14, 2011, conviction of second-degree receiving stolen property and the sentence of 12 years’ imprisonment. Graham appealed his conviction and sentence and this Court affirmed the trial court’s judgment by an unpublished memorandum opinion. Graham v. State, (No. CR-11-0161, June 15, 2012) 144 So.3d 523 (Ala.Crim.App.2012)(table).
Thereafter, Graham filed his first Rule 32 petition on November 7, 2012, arguing that his counsel had been ineffective and that the trial court lacked jurisdiction over his case. The trial court denied that petition, and the summary denial was affirmed by this Court by an unpublished memorandum. Graham v. State, (No. CR-13-0204, March 6, 2015), — So.3d — (Ala.Crim.App.2015)(table). In this prior Rule 32 petition,[1] Graham raised the same claims of ineffective assistance of counsel that he had raised in his pro se motion for a new trial, as well as several other claims of ineffective assistance of counsel. Although, as this Court noted, he checked a box indicating a claim of the trial court’s *831 lack of jurisdiction, he made no argument on this ground; thus, there was no discussion by this Court in the unpublished memorandum as to that claim.
Graham indicates that he mailed this, his second, Rule 32 petition on August 17, 2015.[2] He indicated by checkmark that he was alleging that he was denied the effective assistance of counsel and that the court lacked jurisdiction to render judgment or to sentence him. He argued in his argument section that error occurred because he had filed a pro se motion for a new trial arguing the ineffective assistance of counsel and had moved that his counsel be withdrawn and that he be appointed new counsel; however he was not appointed counsel. He had also moved that he be allowed to add claims of ineffective assistance of counsel in his motion for a new trial after he was appointed counsel with whom he could confer. The court ruled that his motion for a new trial would be taken up after sentencing. He noted that, after sentencing, the court denied the motion for a new trial and then allowed counsel to withdraw. The judge appointed new counsel for appeal.
The State filed a response, arguing that Graham’s petition was precluded because he had raised claims of ineffectiveness on appeal and in a prior Rule 32 petition and that, under Rule 32(d), his ineffective-assistance-of-counsel claim should have been raised as soon as practicable and not in a successive petition.
Graham filed a response, contending that “[t]he State fail[ed] to refute petitioner’s claim of IAC [ineffective assistance of counsel] and, petitioner’s reasoning that counsel’s representation at Motion For New Trial was beyond the scope of effective assistance of counsel when Graham’s claims centered on ineffective assistance of counsel, for which counsel was unable to assert upon himself or represent Graham as an attorney of record.” (C. 55.) He also filed a motion to supplement his petition with a claim alleging the ineffective assistance of appellate counsel for failing to raise the issue of ineffective assistance of his trial counsel.
The circuit court issued an order holding that Graham’s claims of ineffective assistance of counsel and lack of jurisdiction had been raised in his prior Rule 32 petition; thus, the court held the petition was successive. Moreover, the court determined that, even if it was not successive, Graham failed to set out any factual allegations in support of his claims.
On appeal, Graham claims that his motion to supplement the petition should have been granted, and that his appellate counsel was ineffective for failing to raise the issue of the ineffectiveness of his trial counsel who had represented him when he filed his pro se motion for a new trial that claimed that counsel had been ineffective. He also claims that the trial court erred when it allowed trial counsel to represent Graham on his pro se motion for a new trial that alleged ineffective assistance of trial counsel. He alleges that other counsel should have been appointed to represent him.
Graham’s claim of ineffective assistance concerning his appellate counsel is insufficiently pleaded, Rule 32.3 and Rule 32.6(b), and could have been raised in his prior Rule 32 petition. Rule 32.2(d)(“Any claim that counsel was ineffective must be raised as soon as practicable, either at trial, on direct appeal, or in the first Rule 32 petition, whichever is applicable. In no event can relief be granted on a claim of ineffective assistance of trial or appellate counsel raised in a successive petition.”). Therefore, there was also no error in fail *832 ing to grant the motion to supplement that raised the same argument of ineffectiveness.
However, Graham argues that the trial court erred in allowing trial counsel to continue to represent him during his pro se motion for a new trial, rather than appointing him alternate counsel to represent him. In his motion for a new trial, Graham stated that he “reserve[d] all rights to amend his motion for new trial following the appointment of counsel.” (C. 30.) The record contains Graham’s “Motion For Withdrawal Of Counsel And Appointment Of New Counsel On Sentencing Hearing, Motion for New Trial And (Or) In Alternative Appeal.” (C. 37.) This motion was filed before sentencing and in it Graham requested the appointment of new counsel. A review of the record from his direct appeal reveals that, although counsel was present when the court ruled on the motion for a new trial, counsel said nothing until after the ruling when he noted that Graham had filed a motion to have him withdrawn as counsel, and he asked to withdraw.
In Ex parte Pritchett, 117 So.3d 356 (Ala.2012), Pritchett, acting pro se, filed a motion to withdraw his guilty plea in which he argued that his trial counsel was ineffective. His trial counsel remained counsel of record at the time Pritchett filed his motion to withdraw his guilty plea. Like Graham, Pritchett’s motion was denied without the benefit of a hearing. The Alabama Supreme Court wrote:
“As in Berry [v. State, 630 So.2d 127 (Ala.Crim.App.1993) ], counsel in the present case were appointed for the defendant, and at no point before the filing and adjudication of the motion to withdraw the guilty plea did counsel formally .withdraw. Nonetheless, Pritchett filed a motion to withdraw his guilty plea that, in this case, we know was handwritten and that explicitly stated that it was being filed as a-‘pro se’ motion. Furthermore, we also know that, in this case, the ground for relief asserted in this motion was that counsel who had represented the defendant before the filing of the motion allegedly had been inadequate and ineffective. As in Berry, although Pritchett nominally had counsel of record at the time he filed his motion, it was clear that the motion was prepared and relief was sought by Pritchett without the involvement of that counsel.”
Ex parte Pritchett, 117 So.3d at 360-61.
After the trial court summarily denied Pritchett’s pro se motion, it granted trial counsel’s motion to withdraw and appointed new counsel to represent Pritchett on appeal. The Alabama Supreme Court reversed the trial court’s summary denial of Pritchett’s motion to withdraw his guilty plea and ordered the trial court to conduct a hearing on Pritchett’s motion at which Pritchett would be represented by counsel or at which the court would determine that Pritchett had knowingly, intelligently, and voluntarily waived his right to counsel.
The Court in Ex parte Pritchett referred to an earlier case, Casteel v. State, 21 So.3d 11 (Ala.Crim.App.2008):
“Casteel [v. State, 21 So.3d 11 (Ala.Crim.App.2008) ] involved an appeal from the denial of a Rule 32, Ala. R.Crim. P., petition. Casteel, an indigent defendant represented by appoints ed counsel, had entered a guilty plea to first-degree sexual abuse. Acting pro se, Casteel subsequently filed a motion to withdraw his guilty plea in which he requested the appointment of new counsel because, among other things, his current counsel allegedly was ineffective. Casteel represented himself at the hearing on his motion to withdraw his guilty plea. The court held that Casteel ‘was *833 denied counsel during a critical stage of his criminal proceeding — the pendency and denial of his motion to withdraw his plea — and that he is entitled to an evi-dentiary hearing on his motion at which he is represented by counsel.’ Casteel, 21 So.3d at 14. The c,ase was remanded to the trial court with directions for the trial court to hold a hearing on Casteel’s motion to withdraw his guilty plea at which Casteel was to be represented by counsel.”
Ex parte Pritchett, 117 So.3d at 359.
“The Sixth Amendment right to counsel ‘attaches at the initiation of adversary judicial proceedings, and extends to every critical stage of the proceedings A critical stage is any stage where' a substantial right of an accused may be affected ... and can arise in pre-trial as well as post-trial proceedings.’ Berry v. State, 630 So.2d 127, 129 (Ala.Crim.App.1993) (internal citations omitted).” Humphrey v. State, 110 So.3d 396, 398 (Ala.Crim.App.2012). “‘The King Court held that “the filing of a motion for a new trial is a critical stage of the prosecution and that an indigent defendant is entitled, to the assistance of counsel, absent a waiver, at that stage of the proceedings.” King v. State, 613 So.2d 888, 891 (Ala.Crim.App.1993). (Emphasis added.)’” Ex parte Pritchett, 117 So.3d at 360. See also Menefield v. Borg, 881 F.2d 696 (9th Cir.l989)(holding that posttrial motion for new trial is critical stage requiring counsel or valid waiver).
Thus, because the filing of Graham’s motion for a new trial was a critical stage at which he was entitled to the assistance of counsel, his request for alternate counsel should have been granted. Moreover, even if Graham had not requested an alternate attorney, he should have been asked if he was waiving counsel as a result of counsel’s nominal representation. Ex parte Pritchett, 117 So.3d at 361 (“‘Because we conclude that the hearing was a critical stage of the proceeding, involving the appellant’s substantial rights, the trial court was required to advise the appellant of his right to counsel and to ensure that counsel was' provided or to ascertain if the right to counsel had been waived.’ ”).
The denial of the right to counsel is a jurisdictional claim that can be raised at any time.
“ ‘Deprivation of the right to counsel is a jurisdictional bar to a valid prosecution and, thus, it can be raised at any time. See Woodruff v. City of Pelham, 1 So.3d 157, 159 (Ala.Crim.App.2008) (and cases cited therein).
“‘In Baker v. State, 933 So.2d 406, 408-09 (Ala.Crim.App.2005), this Court discussed the jurisdictional prerequisite as it relates to the issue of right to counsel as follows:
“““A defendant’s decision to represent himself necessarily involves the waiver of his right to counsel. See Fitzpatrick v. Wainwright, 800 F.2d 1057, 1064 (1986). In Pratt v. State, 851 So.2d 142, 144-45 (Ala.Crim.App.2002), this Court pointed out:
““““‘The constitutional “right to counsel, or waiver thereof, is an essential jurisdictional prerequisite to the authority to convict an accused[, and cjonviction without this safeguard is void.” People v. Carroll, 140 Cal.App.3d 135, 140, 189 Cal.Rptr. 327, 331 (Cal.App. 2 Dist.), cert. denied, 464 U.S. 820, 104 S.Ct. 83, 78 L.Ed.2d 93 (1983) (citing Johnson v, Zerbst [, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) ]). Unless a defendant has or waives assistance of counsel, the Sixth Amendment is a jurisdictional bar to a valid conviction and sentence. Johnson v. Zerbst; Stokes v. *834 Singletary, 952 F.2d 1567 (llth Cir.1992); Boruff v. United States, 310 F.2d 918 (5th Cir.1962). See also Lancaster v. State, [638 So.2d 1370, 1373] (Ala.Crim.App.1993) (“the appellant’s ... right to have counsel appointed on appeal [is a] jurisdictional matter[]”); Lake v. City of Birmingham, 390 So.2d 36, 38 (Ala.Crim.App.1980) (a record failing to reveal any of the circumstances surrounding the appellant’s self-representation “ ‘will not support the trial court’s judgment wherein the appellant was sentenced to a loss of liberty”).’
““““Berry v. State, 630 So.2d 127, 130 (Ala.Crim.App.1993) (footnote omitted). See also Custis v. United States, 511 U.S. 485, 494, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (‘ “If the accused ... is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty.... The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by habeas corpus.” ’) (quoting Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)); Weakley v. State, 721 So.2d 235, 236 (Ala.1998) (holding that the right to counsel at arraignment is a jurisdictional matter).”
“““Thus it is the lack of counsel, coupled with the absence of a knowing and intelligent waiver thereof, that acts to deny the defendant counsel and to jurisdictionally bar his prosecution.’ ” ’
“[Thomas v. State,] 8 So.3d [1018] at 1019 [ (Ala.Crim.App.2008) ]. See also Powers v. State, 38 So.3d 764 (Ala.Crim.App.2009); Presley v. City of Attalla, 88 So.3d 930 (Ala.Crim.App.2011).”
Frost v. State, 141 So.3d 1103, 1106-07 (Ala.Crim.App.2012).
Based on the Alabama Supreme Court’s decision in Ex parte Pritchett, the judgment of the circuit court is reversed and Graham’s case is remanded to the circuit court to conduct a hearing on Graham’s motion for a new trial in which Graham is represented by counsel or to determine that Graham has knowingly, intelligently, and voluntarily waived his right to counsel.
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH and JOINER, JJ., concur. KELLUM, J., concurs in the result.

. This Court may take judicial notice of its own records. Hull v. State, 607 So.2d 369, 371 n.1 (Ala.Crim.App.1992).

. Graham’s filing fee was waived.