* Editor's Note: This opinion was originally published at 586 So.2d 971. It is published here as corrected.
Gerald Thomas "Skipper" McConnell was indicted on four charges of criminal possession of a forged instrument in the second degree, four charges of robbery in the first degree, two charges of burglary in the third degree, and two charges of attempted burglary in the third degree. On June 1, 1990, the appellant pleaded guilty to three charges of criminal possession of a forged instrument in the second degree, one charge of burglary in the third degree, and four charges of robbery in the second degree; the remaining charges were nolle prossed. It appears from an examination of the record that the appellant agreed to plead guilty to these offenses in exchange for the state's reducing the first degree robbery charges to second degree robbery and a recommendation by the state of concurrent life sentences in all the cases. During this hearing, the trial court asked the appellant if he had talked to his lawyer about the plea bargain, and the appellant replied that he had. The trial judge then informed the appellant that if the robbery charges were not reduced and he was convicted of those offenses, he would receive life imprisonment without parole on those charges. He also stated that if the robbery charges were reduced, the only sentence he could impose was life imprisonment. The trial judge also told the appellant that the maximum sentence he could receive for the other offenses was life and the minimum was 15 years' imprisonment. However, there was never a specific reference to the fact that the appellant was in fact being sentenced under the Habitual Felony Offender Act (HFOA). *Page 94 
On June 21, 1990, the appellant filed a motion to set aside his sentences, alleging that he had not received notice that the state intended to invoke the HFOA and alleging further that the state did not prove his prior convictions at the hearing. The trial court granted the appellant's motion to set aside his sentences and ordered another sentencing hearing. At this hearing, which was held on October 4, 1990, the attorney who represented the appellant when he pleaded guilty to these offenses testified that the appellant was fully aware that the state was proceeding under the HFOA. Following this testimony, the trial court found that the appellant had proper notice that he was to be sentenced as a habitual offender. The trial judge then entered an order whereby he "adopted" the sentence he had imposed at the original guilty plea and sentencing hearing and specifically stated that the appellant was being sentenced as a habitual offender.
There are case action summary sheets marked state's exhibits 1, 2, 3, and 4 included in the record which show that the appellant has four prior felony convictions. It appears from the record that these exhibits were somehow admitted into the record on September 31, 1990. However, proof of these prior convictions was not shown at either the June 1 or October 4 hearing.
 I
The appellant contends on appeal that he was improperly sentenced as a habitual offender because he did not have notice of the state's intention to proceed under the HFOA and that the state failed to offer proper proof of his prior convictions. As to the allegation concerning lack of notice, it is clear that "the Habitual Felony Offender Act cannot be applied if the defendant was not given proper notice before the first sentencing." Jackson v. State, 566 So.2d 758, 760
(Ala.Crim.App. 1990). In Hugley v. State, 581 So.2d 11 (Ala.Crim.App. 1991), this court set forth the following two principles:
 "1) a trial court has no authority to sentence a defendant under the Habitual Felony Offender Act until proper notice and proof of the prior convictions have been presented, and 2) upon resentencing, a trial court may consider, for purposes of the Habitual Felony Offender Act, only those prior convictions of which the defendant received proper notice before the initial sentencing."
While the record indicates that the appellant was given notice of the state's intention to invoke the provisions of the HFOA, there is no showing in the record that the appellant was given specific notice of the four particular felony offenses which are included in the record as state's exhibits 1 through 4. Furthermore, the state did not properly prove the appellant's four prior convictions. Although these convictions are included in the record, they were never proven at either the June 1 or the October 4 hearing.
Thus, this case must be remanded to the trial court for a new sentencing hearing. If the trial court determines that the appellant received proper notice before the initial sentencing hearing that the state intended to prove the four convictions which are a part of this record and if the state presents proper proof of these prior convictions, then the appellant can and should be sentenced as a habitual felony offender.Hayes v. State, 588 So.2d 502 (Ala.Crim.App. 1991). If the trial court determines that the state did not provide the appellant with proper notice of these prior convictions or if the state fails to properly prove these convictions, then the appellant's sentences cannot be enhanced under the HFOA.
This cause is remanded for resentencing. Due return shall be filed in this court within 60 days from date of this opinion showing the sentencing.
REMANDED WITH DIRECTIONS.
All the Judges concur. *Page 95