The appellant, Joseph Franklin Berry, appeals from the denial of his motions to withdraw his guilty plea and for reconsideration of sentence. On January 17, 1992, the appellant was indicted for the offense of receiving stolen property in the first degree. Ala. Code 1975, § 13A-8-17. At arraignment, the trial court, after ascertaining that the appellant did not have counsel, that he did not have the funds with which to employ counsel, and that he had requested the appointment of counsel, appointed counsel to represent the appellant. The appellant then entered a not guilty plea. He subsequently withdrew his not guilty plea and entered a plea of guilty to receiving stolen property in the second degree (§ 13A-8-18) pursuant to a plea bargain agreement with the state. By agreement, the indictment was amended by the addition of a second count charging receiving stolen property in the second degree, a lesser included offense of the offense charged in the first count, and the state recommended a sentence of 20 years' imprisonment.
During the guilty plea proceedings, the appellant stated that he was not guilty of the offense charged, but that he was pleading guilty because it was in his best interest to do so.[1] The trial court accepted his guilty plea and sentenced him to 20 years' imprisonment as a habitual offender. It is apparent that the appellant negotiated the agreement in order to avoid the possibility of a sentence of life imprisonment as a habitual offender had he been convicted of receiving stolen property in the first degree as the indictment originally charged. The record of the guilty plea proceedings, which is included in the instant record, shows that the appellant was given notice that the state intended to invoke the Habitual Felony Offender Act; however, the court's sentencing order does not show that the appellant was specifically sentenced under that act, nor does the record contain proper proof of prior felony convictions.
On June 29, 1992, the appellant, acting pro se, filed motions to withdraw his guilty plea and for reconsideration of his sentence. A hearing was held on his motions on August 7, 1992, the trial court denied the motions. The record discloses that the appellant, although represented by counsel at prior proceedings, was not represented by counsel at that hearing.[2] *Page 129 
The appellant appeals from the order denying his motions, raising three issues. He is represented on appeal by different appointed counsel who did not represent him below.
 I.
The appellant first contends that the judgment of the trial court denying the motions must be reversed because he was not represented by counsel at the hearing on the motions.
The Sixth Amendment guarantees the right of counsel to the accused in all criminal prosecutions. U.S. Const. Amend. VI. This right to counsel encompasses all federal and state criminal prosecutions that result in imprisonment.Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006,32 L.Ed.2d 530 (1972); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792,9 L.Ed.2d 799 (1963). This right is applicable to the states by virtue of the Fourteenth Amendment. Gideon v. Wainwright. The right attaches at the initiation of adversary judicial proceedings, and extends to every critical stage of the proceedings. United States v. Wade, 388 U.S. 218,87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). A critical stage is any stage where a substantial right of an accused may be affected, Mempav. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), and can arise in pre-trial as well as post-trial proceedings. SeeMoran v. Burbine, 475 U.S. 412, 106 S.Ct. 1135, 89 L.Ed.2d 410
(1986) (pre-trial right to presence of attorney violated during any interrogation occurring after the first formal charging proceedings, absent a valid waiver); Brewer v. Williams,430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977) (pre-trial right to counsel violated where judicial proceedings had been initiated and confession obtained without the presence of counsel and in absence of a valid waiver); Johnston v. Mizell,912 F.2d 172 (7th Cir. 1990), cert. denied, 498 U.S. 1094,111 S.Ct. 982, 112 L.Ed.2d 1067 (1991) (post-trial motion for new trial critical stage in criminal proceedings); Menefield v.Borg, 881 F.2d 696 (9th Cir. 1989) (post-trial motion for new trial critical stage requiring counsel or valid waiver); Kingv. State, 613 So.2d 888 (Ala.Cr.App. 1993) (post-trial motion for new trial critical stage requiring counsel, absent a valid waiver). Courts have held that a motion to withdraw a guilty plea is a critical stage in a criminal proceedings, requiring effective assistance of counsel. See, e.g., United States v.White, 659 F.2d 231 (D.C. Cir. 1981); United States v. Crowley,529 F.2d 1066 (3rd Cir. 1976). In recognizing that a defendant in Alabama has a right to counsel at sentencing and in the first appeal, this court stated in King v. State, 613 So.2d at 891, "It would appear that if an indigent defendant is constitutionally entitled to the assistance of counsel at sentencing and in the first appeal as a matter of right, that defendant would be entitled to the assistance of counsel in the interim period, absent a waiver."
Based upon the foregoing authorities, we find that a motion to withdraw a guilty plea is a critical stage in a criminal proceeding requiring representation of counsel or a valid waiver of the right to counsel.
The right to counsel does not depend upon a request by the accused. Brewer v. Williams, 430 U.S. 387, 97 S.Ct. 1232,51 L.Ed.2d 424 (1977); Kitchens v. Smith, 401 U.S. 847,91 S.Ct. 1089, 28 L.Ed.2d 519 (1971). "[I]f an accused does not waive counsel and does not retain acceptable counsel, the court must appoint counsel." United States v. Turnbull, 888 F.2d 636, 638
(9th Cir. 1989), cert. denied, 498 U.S. 825, 111 S.Ct. 78,112 L.Ed.2d 51 (1990). If a defendant in a criminal proceeding is not represented by counsel, the state must prove an intentional relinquishment of that right. Johnson v. Zerbst, 304 U.S. 458,58 S.Ct. 1019, 82 L.Ed. 1461 (1938). If an accused waives his right to counsel, that waiver must be intelligently and understandingly made and cannot be presumed from a silent record.[3] Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884,8 L.Ed.2d 70 (1962). *Page 130 
 "But it is settled that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request. . . .
". . . .
 ". . . Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."
Id. at 513-16, 82 S.Ct. at 889-90.
The constitutional "right to counsel, or waiver thereof, is an essential jurisdictional prerequisite to the authority to convict an accused[, and c]onviction without this safeguard is void." People v. Carroll, 140 Cal.App.3d 135, 140,189 Cal.Rptr. 327, 331 (Cal.App. 2 Dist.), cert. denied, 464 U.S. 820,104 S.Ct. 83, 78 L.Ed.2d 93 (1983) (citing Johnson v. Zerbst). Unless a defendant has or waives assistance of counsel, theSixth Amendment is a jurisdictional bar to a valid conviction and sentence. Johnson v. Zerbst; Stokes v. Singletary,952 F.2d 1567 (11th Cir. 1992); Boruff v. United States, 310 F.2d 918
(5th Cir. 1962). See also Lancaster v. State, [Ms. 91-1882, January 22, 1993] 1993 WL 10442, *3 (Ala.Cr.App. 1993) ("the appellant's . . . right to have counsel appointed on appeal [is a] jurisdictional matter[4]; Lake v. City of Birmingham,390 So.2d 36, 38 (Ala.Cr.App. 1980) (a record failing to reveal any of the circumstances surrounding the appellant's self-representation "will not support the trial court's judgment wherein the appellant was sentenced to a loss of liberty").
In reviewing the record in the instant case, we conclude that the hearing, insofar as the appellant's motion to withdraw his guilty plea was reviewed, was a critical stage in the judicial proceedings that required that he have the assistance of counsel during that proceeding or that he have validly waived such assistance. The record shows and we find that he did not have the assistance of counsel, and no waiver is reflected on the record before us. Because we conclude that the hearing was a critical stage of the proceeding, involving the appellant's substantial rights, the trial court was required to advise the appellant of his right to counsel and to ensure that counsel was provided or to ascertain if the right to counsel had been waived. On the record before us, we conclude that the trial court did neither.
Because of this fundamental error, the order of the trial court denying the appellant's motion to withdraw his guilty plea is set aside. A new evidentiary hearing at which the appellant shall be represented by counsel must be held on the appellant's motion to withdraw his guilty plea. Although we have not determined that that portion of the hearing on the motion for reconsideration of sentence in this case was a critical stage in the proceedings, we nevertheless think that the new hearing, where the appellant will have the benefit of counsel, should also deal with the motion for reconsideration.
 II.
In support of his contention that the trial court erred in refusing to reconsider his sentence, the appellant argues that the state failed during the guilty plea proceedings to properly prove the three prior felony convictions used to enhance his sentence, and, as a result, that his sentence is excessive and illegal. The state concedes that it did not properly prove the prior convictions and asks this court on the authority ofMcConnell v. State, 593 So.2d 93 (Ala.Cr.App. 1991), to remand the case for a new sentencing hearing so that the state can properly prove the prior convictions. The state also asks that this court on remand instruct the trial court to clarify its sentencing order to reflect that the appellant was sentenced as a habitual offender. Since we are remanding this case for a new evidentiary hearing on both of the appellant's motions, we decline to address this issue; however, we call it to the attention of the trial court. *Page 131 
 III.
Finally, the appellant contends that the trial court erred by denying his motions because, he says, the record of the guilty plea proceedings shows that his guilty plea was not knowingly, intelligently, and voluntarily entered. Because we are remanding this case for a new evidentiary hearing on both motions, we deem it unnecessary to address this contention.
For the above reasons, the order of the trial court denying the appellant's motion to withdraw his guilty plea is void and therefore must be set aside. This cause is remanded for a new evidentiary hearing on the motion to withdraw the guilty plea as well as the motion to reconsider the sentence, at which hearing the appellant shall be represented by counsel unless he validly waives such representation.
REMANDED WITH INSTRUCTIONS.
All Judges concur.
[1] An accused may plead guilty without admitting the acts of the crime if he intelligently concludes that his interest so requires and if the record strongly evidences guilt. Young v.State, 408 So.2d 199 (Ala.Cr.App. 1981).
[2] The appellant was represented by appointed counsel at arraignment and at the guilty plea proceedings, but after sentencing, counsel, apparently thinking that he had fully performed his duty, did not appear again. Normally, appointed counsel will not be permitted to withdraw prior to appeal. See A.R.Crim.P. 6.2(b) and committee comments.
[3] The state cannot force counsel upon a defendant. Every defendant has a right to waive counsel and to conduct his own defense. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525,45 L.Ed.2d 562 (1975).
[4] This court in Lancaster further stated that this right to counsel on appeal "cannot be waived," 1993 WL at *3. Pursuant to the preceding discussion in this opinion, we recognize, as Presiding Judge Bowen did in his dissent in Lancaster, that the right to counsel can, in fact, be waived.