On Return to Remand

PATTERSON, Judge.
On March 26,1992, we remanded this case to the trial court with instructions to hold a new evidentiary hearing on Joseph Franklin Berry’s motions to withdraw his guilty plea and for reconsideration of his sentence. 630 So.2d 127. We also instructed the trial court to ensure that Berry be represented by counsel at the hearing unless he validly waives his right to counsel. The trial court has complied with our instructions and has duly filed its remand, which includes a transcript of the proceedings at the evidentiary hearing and exhibits showing that Berry had eight prior felony convictions at the time of sentencing.
At the beginning of the evidentiary hearing, Berry withdrew his motion to withdraw his guilty plea, and the trial court proceeded to hear only his motion for reconsideration of his sentence. He contended at his resen-tencing hearing that the state had failed to give him proper notice that it intended to invoke the Habitual Felony Offender Act and failure to give him notice of the specific prior felonies that it intended to rely upon. Ber *132 ry’s trial counsel testified that he learned of Berry’s eight prior felony convictions at or before a status conference on April 30, 1992. Berry entered his guilty plea on June 17, 1992, more than one and one-half months later. Trial counsel further testified that he examined the actual case action summaries relating to the eight prior convictions prior to trial, that he obtained them from the district attorney, that he discussed the eight prior convictions with Berry on at least three occasions before trial, and that he advised Berry that the eight convictions would be used by the state for enhancement purposes under the Habitual Felony Offender Act. Trial counsel testified that after negotiations with the district attorney, Berry decided to accept a plea agreement whereby he would enter a guilty plea to a lesser included offense and would receive a sentence of 20 years’ imprisonment rather than go to trial and face a mandatory sentence of life imprisonment as a habitual felony offender with eight prior convictions. Berry testified that his trial counsel had advised him before trial that the state intended to use the eight felony convictions to enhance his sentence under the Habitual Felony Offender Act. He admitted to the eight prior convictions and admitted that he had been represented by counsel in each ease. He also admitted that he entered into the plea agreement to avoid the possibility of receiving a life sentence as a habitual felony offender with the eight prior convictions. Upon conclusion of the hearing, the trial court denied Berry’s motion for reconsideration of his sentence.
On appeal, Berry raises two issues. First, he contends that he did not receive proper notice that the state intended to invoke the Habitual Felony Offender Act, and second, that the state failed to prove the prior convictions. We find no merit in these contentions. There was sufficient evidence from which the trial court could conclude that Berry had received notice from the state that it intended to invoke the Habitual Felony Offender Act in his case, and that it intended to rely upon eight specific prior felony convictions. While the notice may have been informal, the fact of the matter is that he did get notice at least one and one-half months before his trial date. Under the circumstances here, he clearly waived more formal notice, and the failure of the state to give him a more formal notice did not prejudice him in any way. We find that the notice requirements of A.R.Cr.P. 26.6(b)(3)(ii) were met in this case. The trial court found that the eight prior convictions had been properly proven by the introduction ■ of certified case action summaries on the date the guilty plea was entered, and inadvertently omitted from the record on appeal. They were introduced again at the evidentiary hearing on the motion for reconsideration of sentence and are a part of the record on remand. We find them to be in order and further find that the eight prior convictions were properly proven. The record shows that Berry was sentenced on June 17, 1992, as a habitual offender.
Berry contended on original submission that his guilty plea was not knowingly, intelligently, and voluntarily entered. Because he has withdrawn his motion to set aside his guilty plea, we find it unnecessary to address this contention.
For the above reasons, the judgment of the trial court denying the motion for reconsideration of sentence is due to be affirmed.
AFFIRMED.
All Judges concur.