WINDOM, Presiding Judge.
James Lee Stewart appeals his guilty-plea convictions for first-degree assault, see § 13A-6-20, Ala.Code 1975, and first-degree burglary, see § 13A-7-5, Ala.Code 1975, and his resulting sentences of 20 years in prison for the assault conviction and 25 years in prison for the burglary conviction.
On March 15, 2012, Stewart, who was represented by counsel, entered a blind guilty plea to first-degree assault and first-degree burglary. On April 11, 2012, Stewart filed a pro se motion to withdraw his guilty plea. In his motion, Stewart alleged, among other things, that counsel entered the plea without his permission, that counsel failed to inform him what a blind plea entails, and that counsel failed to discuss with him the constitutional rights he would be waiving by pleading *396 guilty. According to Stewart’s motion, counsel also failed to appear on a court date when a possible plea agreement was discussed. In sum, Stewart asserted that counsel’s performance was deficient and that, but for counsel’s deficient performance, he would not have pleaded guilty. See generally, Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
The circuit court held a hearing on Stewart’s motion to withdraw his guilty plea. During the hearing, Stewart was not represented by counsel, and the record does not reflect that Stewart waived his right to counsel. After the hearing, the circuit court denied Stewart’s motion.
On appeal, Stewart argues that he was denied his Sixth Amendment right to counsel during the hearing on his motion to withdraw his guilty plea. The State, relying on the Alabama Supreme Court’s recent decision in Ex parte Pritchett, [Ms. 1100465, Sept. 7, 2012] - So.3d - (Ala.2012), asserts that this cause must be remanded for the circuit court to conduct a hearing to determine whether Stewart knowingly and voluntarily waived his right to counsel.
In Ex parte Pritchett, — So.3d at —, the Alabama Supreme Court held that proceedings relating to a defendant’s motion to withdraw his guilty plea are a critical stage; therefore, the defendant is entitled to counsel. Thus, a circuit court may not, consistent with the Sixth Amendment to the Constitution of the United States, conduct a hearing on a defendant’s motion to withdraw his guilty plea unless counsel is provided or the defendant validly waives his right to counsel. Id. at —. Here, Stewart was not represented by counsel at the hearing on his motion to withdraw his guilty plea, and the record does not reflect that he waived his right to counsel.
Thus, in accordance with the Alabama Supreme Court’s holding in Ex parte Pritchett, — So.3d at —, the judgment of the circuit court is reversed and Stewart’s case is remanded to the circuit court to conduct a hearing on Stewart’s motion to withdraw his guilty plea. During that hearing, Stewart is to be represented by counsel unless the circuit court determines that Stewart has knowingly, intelligently, and voluntarily waived his right to counsel.
REVERSED AND REMANDED.
WELCH, KELLUM, BURKE, and JOINER, JJ., concur.