KELLUM, Judge.
The appellant, James Darnell Humphrey, pleaded guilty to one count of robbery in the first degree, see § 13A-8-41, Ala.Code 1975, and one count of robbery in the third degree, see § 13A-8-43. The Madison Circuit Court sentenced Humphrey to 20 years’ imprisonment for the first-degree-robbery conviction and to 10 years’ imprisonment for the third-degree-robbery conviction, those sentences to be served concurrently. The circuit court further ordered Humphrey to pay $1,000 in fines, $200 to the crime victims compensation fund, $4,625 in restitution, and court costs.
On January 9, 2012, the circuit court conducted a guilty-plea colloquy with Humphrey. During the colloquy, Humphrey was informed of the constitutional rights he was waiving by pleading guilty and the range of punishment for the offenses to which he was pleading guilty. The circuit court then asked Humphrey if he was pleading guilty because he was, in fact, guilty. Humphrey initially stated, “no.” (R. 12.) The circuit court refused to accept the pleas but allowed Humphrey to confer further with his counsel. Following a short break, Humphrey returned and told the court that he was pleading guilty because he was guilty. The circuit court then accepted Humphrey’s guilty pleas. On May 24, 2012, the circuit court denied Humphrey’s request for probation and sentenced him as provided in the plea agreements.
On June 7, 2012, Humphrey filed a pro se motion to withdraw his guilty pleas. In support of that motion, Humphrey claimed that he did not fully understand the pleas and that defense counsel did not fully explain the plea agreements. On that same date Humphrey filed a notice of appeal. On June 8, 2012, the circuit court denied Humphrey’s motion to withdraw his guilty pleas. Humphrey’s trial counsel moved to withdraw from his representation of Humphrey on June 19, 2012. However, before withdrawing, counsel filed a docketing statement with this Court on Humphrey’s behalf. This appeal followed.
The dispositive issues raised by Humphrey on appeal is whether the circuit court violated his Sixth Amendment right to counsel when the circuit court ruled on his pro se motion to withdraw his guilty pleas without first informing Humphrey of his right to counsel to assist in the preparation of that motion and without ascer *398 taining if Humphrey had knowingly and intelligently waived his right to the assistance of counsel.
The Sixth Amendment right to counsel “attaches at the initiation of adversary judicial proceedings, and extends to every critical stage of the proceedings .... A critical stage is any stage where a substantial right of an accused may be affected ... and can arise in pre-trial as well as post-trial proceedings.” Berry v. State, 630 So.2d 127, 129 (Ala.Crim.App.1993) (internal citations omitted). “A motion to withdraw a guilty plea is a critical stage in a criminal proceeding requiring representation of counsel or a valid waiver of the right to counsel.” Berry, 630 So.2d at 129.
In Ex parte Pritchett, [Ms. 1100465, September 7, 2012] — So.3d — (Ala.2012), the Alabama Supreme Court recently discussed a case that is factually indistinguishable from Humphrey’s. The facts in Pritchett were as follows:
“[c]ounsel in [Pritchett’s] case was appointed for [Pritchett], and at no point before the filing and adjudication of the motion to withdraw the guilty plea did counsel formally withdraw. Nonetheless, Pritchett filed a motion to withdraw his guilty plea that, in this case, we know was handwritten and that explicitly stated that it was being filed as a ‘pro se’ motion. Furthermore, we also know that, in this case, the ground for relief asserted in this motion was that counsel who had represented the defendant before the filing of the motion allegedly had been inadequate and ineffective. As in Berry, although Pritchett nominally had counsel of record at the time he filed his motion, it was clear that the motion was prepared and relief was sought by Pritchett without the involvement of that counsel.”
— So.3d at —. The Supreme Court held that Pritchett was required to have the assistance of counsel — or to have validly waived such assistance — during the proceedings surrounding the motion to withdraw his guilty plea because Pritchett’s motion to withdraw his guilty plea was a critical stage in the judicial proceedings. Id. Therefore, the Supreme Court reversed Pritchett’s conviction and ordered “a hearing on Pritchett’s motion to withdraw his guilty plea in which Pritchett is represented by counsel or in which the trial court determines that Pritchett has knowingly, intelligently, and voluntarily waived his right to counsel.” Pritchett, — So.3d at —.
Here, just as in Pritchett, Humphrey filed a pro se motion to withdraw his guilty pleas. The motion was filed before Humphrey’s appointed counsel had withdrawn from his representation of Humphrey. The record does not expressly indicate that Humphrey waived his right to the assistance of counsel, nor does the record indicate that the circuit court made any inquiry into whether Humphrey had waived his right to counsel knowingly, intelligently and voluntarily. The State concedes in its brief that “there is no principled way to distinguish this case from Pritchett” (State’s brief, p. 7.) Based on the Supreme Court’s decision in Pritchett, the judgment of the circuit court is reversed and Humphrey’s case is remanded to the circuit court to conduct a hearing on Humphrey’s motion to withdraw his guilty pleas in which Humphrey is represented by counsel or to determine that Humphrey has knowingly, intelligently and voluntarily waived his right to counsel.
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH, BURKE, and JOINER, JJ., concur.