BURKE, Judge.
Harold Frost pleaded guilty to two counts of sexual abuse of a child less than 12 years old, see § 13A-6-69.1, Ala.Code 1975. Frost was sentenced to 20 years’ imprisonment on each charge; the sentences were to run concurrently. Frost was ordered to pay $50 to the Alabama Victims Compensation Commission, and to register as a sex offender and comply with all sex-offender registration and notification laws upon his release. He was also ordered to submit to a DNA sample and was permanently restrained and enjoined from having direct or indirect contact with the victims. Frost subsequently filed a motion to withdraw his guilty pleas; that motion was denied by the circuit court. This appeal follows.
On November 19, 2007, Frost was indicted by the Coffee County grand jury in Case No. CC-07-209.80 for first-degree sodomy. Frost was also indicted in Case No. CC-07-210.80 for one count of sexual abuse of a child less than 12 years old, and in Case No. CC-07-212.80 for one count of sexual abuse of a child less than 12 years old.
On March 8, 2012, after the jury was empaneled, Frost entered into a plea agreement with the State, in which Frost agreed to enter a guilty plea to the two counts of sexual abuse of a child less than 12 years old, in Case No. CC-07-210.80 and Case No. CC-07-212.80, in exchange for the State’s agreement to nol-pros the charge of first-degree sodomy in Case No. CC-07-209.80.
On April 5, 2012, Frost filed a motion to withdraw his guilty pleas. As best we can determine, Frost’s motion requested that he be allowed to withdraw his pleas on the following grounds: 1) the assistant district attorney had been allowed to “stack” the jury with mostly women, which was an unfair disadvantage to him because the victims of sexual abuse are predominantly women; 2) that the rape case against him, which was nol-prossed as part of the plea agreement, was a result of police conspiracy and, during the initial investigation, the police had violated his rights by improperly detaining him and his personal property separately, which led him to make an involuntary incriminating statement out of fear and because he was threatened by the investigators; and 3) that his primary witnesses were not subpoenaed for trial until the Thursday before his trial was scheduled to begin on the following Monday, and that he could not have a fair trial without his witnesses.
On April 12, 2012, the circuit court summarily denied Frost’s motion to withdraw his guilty pleas, stating that the court had conducted a colloquy and had determined that Frost knowingly, voluntarily, and intelligently entered his pleas after consult *1105 ing with his attorney. The court also noted that Frost had waived any right to appeal, his right to a jury trial, his right against self incrimination, and his right to confront witnesses against him.
On appeal, Frost raised four issues in his original brief. In his reply brief, Frost argues that the recent decision of the Alabama Supreme Court in Ex parte Pritchett, 117 So.3d 356 (Ala.2012), requires that, if a defendant files a pro se motion to withdraw before his attorney of record withdraws as his counsel, the circuit court must hold a hearing on the motion to withdraw the guilty plea. He submits that at the hearing, the defendant must be represented by counsel or the trial court must determine that the defendant has knowingly, intelligently, and voluntarily waived his right to counsel and wishes to proceed pro se.
In Ex parte Pritchett, the Alabama Supreme Court noted that a motion to withdraw a guilty plea is a critical stage of a trial that requires that a defendant be represented by counsel or that he validly waive that right. The Court further determined that, although Pritchett was represented by an attorney of record when he filed his pro se motion, the representation could not be presumed because “it was clear that the motion was prepared and relief was sought by Pritchett without the involvement of that counsel.” 117 So.3d at 358. In this case, as in Ex parte Pritchett, the motion to withdraw was handwritten. Although unlike Pritchett, Frost did not allege ineffectiveness of counsel in his motion to withdraw, he did allege ineffectiveness on appeal. Moreover, as the Supreme Court stated, quoting Berry v. State, 630 So.2d 127, 129-30 (Ala.Crim.App.1993), in relevant part:
“‘The right to counsel does not depend upon a request by the accused. Brewer v. Williams, 430 U.S. 387, 97
S.Ct. 1232, 51 L.Ed.2d 424 (1977); Kitchens v. Smith, 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971). “[I]f an accused does not waive counsel and does not retain acceptable counsel, the court must appoint counsel.” United States v. Turnbull, 888 F.2d 636, 638 (9th Cir.1989), cert. denied, 498 U.S. 825, 111 S.Ct. 78, 112 L.Ed.2d 51 (1990). If a defendant in a criminal proceeding is not represented by counsel, the state must prove an intentional relinquishment of that right. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). If an accused waives his right to counsel, that waiver must be intelligently and understanding^ made and cannot be presumed from a silent record. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).
“ ‘ “But it is settled that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request. ...
[[Image here]]
“ . Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.”
“ ‘Id. at 513-16, 82 S.Ct. at 889-90.
[[Image here]]
“ ‘In reviewing the record in the instant case, we conclude that the hearing, insofar as the appellant’s motion to withdraw his guilty plea was reviewed, was a critical stage in the judicial proceedings that required that he have the assistance of counsel during that proceeding or that he have validly waived such assistance. The record shows and we find that he did not have the assistance of *1106 counsel, and no waiver is reflected on the record before us. Because we conclude that the hearing was a critical stage of the proceeding, involving the appellant’s substantial rights, the trial court was required to advise the appellant of his right to counsel and to ensure that counsel was provided or to ascertain if the right to counsel had been waived. On the record before us, we conclude that the trial court did neither.’ ”
117 So.3d at 359.
Although Frost failed to raise the claim that he was not properly represented by counsel or shown to have waived that right in his original brief to this Court on appeal,[1] because this matter affects a trial court’s authority to convict an accused and has been held to constitute a jurisdictional matter, we reach this matter on appeal. In Thomas v. State, 8 So.3d 1018 (Ala.Crim.App.2008), this Court stated:
“Thomas contends that he did not knowingly, intelligently and voluntarily waive his right to counsel, and that the trial court should not have let him represent himself without first warning him of the dangers of self-representation, as required by Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In response, the State contends that Thomas did not preserve the issue for appellate review.
“The State’s position is without merit. Deprivation of the right to counsel is a jurisdictional bar to a valid prosecution and, thus, it can be raised at any time. See Woodruff v. City of Pelham, 1 So.3d 157, 159 (Ala.Crim.App.2008) (and cases cited therein).
“In Baker v. State, 933 So.2d 406, 408-09 (Ala.Crim.App.2005), this Court discussed the jurisdictional prerequisite as it relates to the issue of right to counsel as follows:
“ ‘ “A defendant’s decision to represent himself necessarily involves the waiver of his right to counsel. See Fitzpatrick v. Wainwright, 800 F.2d 1057, 1064 (1986). In Pratt v. State, 851 So.2d 142, 144-45 (Ala.Crim.App.2002), this Court pointed out:
“ ““ “The constitutional ‘right to counsel, or waiver thereof, is an essential jurisdictional prerequisite to the authority to convict an accused[, and c]onviction without this safeguard is void.’ People v. Carroll, 140 Cal.App.3d 135, 140, 189 Cal.Rptr. 327, 331 (Cal.App. 2 Dist.), cert. denied, 464 U.S. 820, 104 S.Ct. 83, 78 L.Ed.2d 93 (1983) (citing Johnson v. Zerbst [, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) ]). Unless a defendant has or waives assistance of counsel, the Sixth Amendment is a jurisdictional bar to a valid conviction and sentence. Johnson v. Zerbst; Stokes v. Singletary, 952 F.2d 1567 (11th Cir.1992); Boruff v. United States, 310 F.2d 918 (5th Cir.1962). See also Lancaster v. State, [638 So.2d 1370, 1373] (Ala.Crim.App.1993) (‘the appellant’s ... right to have counsel appointed on appeal [is a] jurisdictional matter[]’); Lake v. City of Birmingham, 390 So.2d 36, 38 (Ala.Crim.App.1980) (a record failing to reveal any of the circumstances surrounding the appellant’s self-representation ‘will not support the trial court’s judgment wherein the appellant was sentenced to a loss of liberty’)”
*1107 " '" ' Berry v. State, 630 So.2d 127, 130 (Ala.Crim.App.1993) (footnote omitted). See also Custis v. United States, 511 U.S. 485, 494, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (‘“If the accused ... is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty.... The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by habeas corpus.’ ”) (quoting Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)); Weakley v. State, 721 So.2d 235, 236 (Ala.1998) (holding that the right to counsel at arraignment is a jurisdictional matter).’
“ ‘ “Thus it is the lack of counsel, coupled with the absence of a knowing and intelligent waiver thereof, that acts to deny the defendant counsel and to jurisdictionally bar his prosecution.” ’ ”
8 So.3d at 1019. See also Powers v. State, 38 So.3d 764 (Ala.Crim.App.2009); Presley v. City of Attalla, 88 So.3d 930 (Ala.Crim.App.2011).
Therefore, pursuant to Ex parte Pritch-ett, the order of the trial court denying Frost’s motion to withdraw his guilty pleas is reversed, and this case is remanded for a hearing on his motion at which Frost is represented by counsel or at which the trial court determines that Frost has knowingly, intelligently, and voluntarily waived his right to counsel. Due return shall be made to this court within 35 days of the issuance of this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS. 
WINDOM, P.J., and WELCH, KELLUM, and JOINER, JJ., concur.

. ”[I]ssues raised for the first time in a reply brief are not properly subject to appellate review.” Ex parte Powell, 796 So.2d 434, 435 (Ala.2001).