WELCH,, Judge.
Tommy Lee Pate pleaded guilty to an information charging Pate with second-degree assault, see § 13A-6-21(a)(4), Ala. Code 1975, for intending to cause injury to a police officer in an attempt to prevent the officer from performing a lawful duty. In accordance with a plea agreement, the Butler Circuit Court sentenced Pate, as a habitual felony offender, to 20 years’ imprisonment. The sentence was split, and Pate was ordered to serve five years in prison followed by five years’ probation.
On November 6, 2014, the circuit court conducted a guilty-plea colloquy with Pate. During the colloquy, Pate was informed of the constitutional rights he was waiving by pleading guilty. Pate was also informed of the range of punishment for the offense to which he was pleading guilty. Following the colloquy, the court accepted Pate’s guilty plea.
*987 ■ On December 2, 2014, Pate placed a pro se motion to withdraw his guilty plea in the prison mail. In his motion, Pate claimed that his counsel had misrepresented to him that he would .be eligible for work release in prison even- if he pleaded guilty. According to Pate, once he was returned to prison following his guilty plea, he was no longer eligible for work release. Pate contended that had he known he would pot be. eligible for work release he would not have pleaded guilty. While his motion was pending, Pate filed a notice of appeal. On January 5, 2015, Pate’s pro se motion to withdraw his guilty plea was denied by operation of law. On January 14, 2015, Pate’s trial counsel moved to withdraw as a result of the allegations in Pate’s motion to withdraw his guilty plea. The trial court granted counsel’s motion to withdraw.
On appeal, Pate argues that the trial court erred in denying his motion to withdraw his guilty plea without holding an evidentiary hearing. We do not address this specific claim because we have noticed a dispositive jurisdictional issue. Pate’s Sixth Amendment right to counsel has been violated. Pate’s pro se motion to withdraw his guilty plea was denied without Pate having been informed of his right to counsel to assist in the preparation of that motion and without the court ascertaining if Pate had knowingly and intelligently waived his right to the assistance of counsel.
As this Court stated in Humphrey v. State, 110 So.3d 396 (Ala.Crim.App.2012):
“The Sixth Amendment right to counsel ‘attaches at the initiation of adversary judicial proceedings, and extends to every critical stage of the proceedings. ... A critical stage is any stage where a substantial right of an accused may be affected ... and can arise in pre-trial as well as post-trial proceedings.’ Berry v. State, 630 So.2d 127, 129 (Ala.Crim.App.l993)(internal citations omitted). ‘A motion to withdraw a guilty plea is a'critical stage in a criminal proceeding requiring representation of counsel or a valid waiver of the right to counsel.’ Berry, 630 So.2d at 129.
“In Ex parte Pritchett, 117 So.3d 356 (Ala.2012), the Alabama Supreme Court recently discussed a case that is factually indistinguishable from'Humphrey’s. The facts in Pritchett were as follows:
“ ‘Counsel in [Pritchett’s] case was appointed for [Pritchett], and at no point before the filing and adjudication .'of the motion to withdraw the guilty plea did counsel .formally withdraw. Nonetheless, Pritchett filed a motion to withdraw his guilty plea that, in this case, ■ we know, was handwritten and that explicitly stated that it was.being filed as a “pro se” motion. Furthermore, we also know that, in this case, the ground for relief asserted in this motion was that counsel who had represented the defendant before the filing of the motion allegedly had been inadequate and ineffective. As in Berry, although Pritchett nominally had counsel of record at the time he filed his motion, it was clear that the motion was prepared "and relief was sought by Pritchett without the involvement of that counsel.’
“[117] So.3d at [361], The Supreme Court held that Pritchett was required to have the assistance of counsel — or to have validly waived such assistance— during the proceedings surrounding the motion to withdraw his guilty plea because Pritchett’s motion to withdraw his guilty plea .was a critical stage in the judicial proceedings. Id. Therefore, the Supreme Court reversed Pritchett’s conviction and ordered ‘a hearing on Pritch-ett’s motion to withdraw his guilty plea *988 in which Pritchett is represented by-counsel or in which the trial court determines that Pritchett has knowingly, intelligently, and voluntarily waived his right to counsel.’ Pritchett, 117 So.3d at 362.” ’
110 So.3d at 398.
In this case, as in Ex parte Pritchett, 117 So.3d 356 (Ala,2012), Humphrey, and other similar cases, Pate filed a pro se motion to withdraw his guilty plea. See also Bailey v. State, [Ms. CR-13-1840, April 17, 2015] — So.3d - (Ala.Crim. App.2015); Stewart v. State, 110 So.3d 395 (Ala.Crim.App.2012); and Frost v. State, 141 So.3d 1103 (Ala.Crim.App.2012). The motion was filed before Pate’s appointed counsel had withdrawn from his representation of Pate. The record does not show that Pate expressly waived his right to the assistance of counsel nor does the record establish that the circuit court inquired into whether Pate had knowingly, intelligently, and voluntarily waived his right to counsel. Therefore, the judgment of the circuit court is reversed and this case is remanded for the circuit court to conduct a hearing on Pate’s motion to withdraw his guilty plea at which Pate is represented by counsel or to determine that Pate has knowingly, intelligently, and voluntarily waived his right to counsel.
REVERSED AND REMANDED.
WINDOM, P.J., and KELLUM, BURKE, and JOINER, JJ., concur.