WELCH, Judge.
Lonnie Lee Colburn pleaded guilty to the unlawful manufacture of a controlled substance in the first degree, a violation of § 13A-12-218, Ala.Code 1975. Colburn was sentenced to 15 years' imprisonment.
On April 14, 2015, the circuit court conducted a guilty-plea colloquy with Colburn. During the colloquy, Colburn was informed of the constitutional rights he was waiving by pleading guilty. Colburn was also informed of the range of punishment under the sentencing guidelines for the offense to which he was pleading guilty. Following the colloquy, the court accepted Colburn's guilty plea.
On May 4, 2015, Colburn filed a pro se motion to withdraw his guilty plea. In his motion, Colburn claimed that counsel had misrepresented to him that the offense to which he was pleading guilty was a Class A felony and that he had since learned that the offense was a Class B felony. On May 5, 2015, the circuit denied Colburn's motion, stating that the offense to which Colburn had pleaded guilty was, in fact, a Class A felony. Colburn appealed.
On appeal, Colburn argues that the trial court erred in denying his motion to withdraw his guilty plea without holding an evidentiary hearing and that his Sixth *917 Amendment right to counsel was violated when the trial court denied his pro se motion to withdraw his guilty plea without first informing him of his right to counsel to assist in the preparation of that motion and without ascertaining if Colburn had knowingly and intelligently waived his right to the assistance of counsel.
In Humphrey v. State, 110 So.3d 396 (Ala.Crim.App.2012), this Court stated:
"The Sixth Amendment right to counsel 'attaches at the initiation of adversary judicial proceedings, and extends to every critical stage of the proceedings.... A critical stage is any stage where a substantial right of an accused may be affected ... and can arise in pre-trial as well as post-trial proceedings.' Berry v. State, 630 So.2d 127, 129 (Ala.Crim.App.1993) (internal citations omitted). 'A motion to withdraw a guilty plea is a critical stage in a criminal proceeding requiring representation of counsel or a valid waiver of the right to counsel.' Berry, 630 So.2d at 129.
"In Ex parte Pritchett, 117 So.3d 356 (Ala.2012), the Alabama Supreme Court recently discussed a case that is factually indistinguishable from Humphrey's. The facts in Pritchett were as follows:
" '[c]ounsel in [Pritchett's] case was appointed for [Pritchett], and at no point before the filing and adjudication of the motion to withdraw the guilty plea did counsel formally withdraw. Nonetheless, Pritchett filed a motion to withdraw his guilty plea that, in this case, we know was handwritten and that explicitly stated that it was being filed as a "pro se" motion. Furthermore, we also know that, in this case, the ground for relief asserted in this motion was that counsel who had represented the defendant before the filing of the motion allegedly had been inadequate and ineffective. As in Berry, although Pritchett nominally had counsel of record at the time he filed his motion, it was clear that the motion was prepared and relief was sought by Pritchett without the involvement of that counsel.'
" 117 So.3d at 361. The Supreme Court held that Pritchett was required to have the assistance of counsel-or to have validly waived such assistance-during the proceedings surrounding the motion to withdraw his guilty plea because Pritchett's motion to withdraw his guilty plea was a critical stage in the judicial proceedings. Id. Therefore, the Supreme Court reversed Pritchett's conviction and ordered 'a hearing on Pritchett's motion to withdraw his guilty plea in which Pritchett is represented by counsel or in which the trial court determines that Pritchett has knowingly, intelligently, and voluntarily waived his right to counsel.' Pritchett, 117 So.3d at 362."
110 So.3d at 398.
In this case, as in Ex parte Pritchett, 117 So.3d 356 (Ala.2012), Humphrey, and similar cases, Colburn filed a pro se motion to withdraw his guilty plea. See also Pate v. State, 186 So.3d 986 (Ala.Crim.App.2015) ; Bailey v. State, 214 So.3d 377 (Ala.Crim.App.2015) ; Stewart v. State, 110 So.3d 395 (Ala.Crim.App.2012) ; and Frost v. State, 141 So.3d 1103 (Ala.Crim.App.2012). The motion was filed before Colburn's appointed counsel had withdrawn from his representation of Colburn. The record does not show that Colburn expressly waived his right to the assistance of counsel, nor does the record establish that the circuit court inquired into whether Colburn had knowingly, intelligently, and voluntarily waived his right to counsel. Therefore, this case is remanded with instructions for that court to ensure that Colburn is represented by counsel or that he knowingly and voluntarily waives his right to counsel before a ruling on the motion is issued. Colburn should be afforded *918 the opportunity to file a new motion to withdraw his guilty plea through the assistance of counsel should Colburn wish to do so. The circuit court may hold a hearing if necessary. Due return shall be filed within 56 days of the date of this opinion and shall include the circuit court's written order granting or denying relief and a transcript of a hearing, if held.
REMANDED WITH INSTRUCTIONS.*
WINDOM, P.J., and KELLUM, BURKE, and JOINER, JJ., concur.

Note from the reporter of decisions: On August 4, 2016, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.